THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK
SCHAEFFLER, Appellant, v. EDWARD P. BARKER and Others, as
Commissioners of Taxes and Assessments of the City and County
of New York, Respondents.

*Taxation of personal property — assessment of shares of banking corporations — time
of levying assessments in the city of New York — deduction of debts under chap.* 202
*of* 1892 — *review of assessments under chap.* 269 *of* 1880 — *assessments to a dead
man under* § 313, *chap.* 409 *of* 1882, *as amended by chap.* 714 *of the Laws of*
1892.

In case assessable personal property is in the possession and control of its owner,
the policy of the State of New York is that it shall be assessed to, and the taxes
thereon be paid by, the owner thereof at his legal residence.

Under the general statutes relating to the assessment of personal property requir-
ing it to be assessed to the legal owner, its assessment to a dead man would
impose no liability on any one to pay the tax assessed. The rule, however, is
otherwise under section 313 of chapter 409 of the Laws of 1882, as amended by
chapter 714 of the Laws of 1892, in respect to the assessment of the shares of
banking corporations. Under such provisions in case John Doe owns ten
shares of stock in the bank, and the bank, by mistake, returns the name of Robert
Roe as the owner of the shares, and the assessment is made in the latter name,
the name Robert Roe should be deemed to be the name of the true owner for
the purpose of assessment and taxation, and the assessment of the shares under
such name will be valid.

An error in the name does not invalidate the assessment of the shares as against
the true owner whoever he may be, and the assessment of shares in the name
of the person appearing on the bank list as the owner thereof is in effect an
assessment upon the shares against whoever owned them at the time of the
assessment, and any subsequent transferee takes the shares subject to the lien
of such assessment.

In the city of New York, assessments are deemed to be levied on the second Mon-
day of January in each year, and changes in ownership subsequent to that
date have no effect on the validity of the assessments.

Under the provisions of section 9 of article 2 of title 2 of chapter 13 of part 1 of the
Revised Statutes (1 R. S. 390), as amended by chapter 202 of the Laws of 1892, the
just debts owing by persons and corporations assessed for taxation are to be
deducted from the assessed valuation of their personal property, and if the debts
exceed the value of the personalty no assessment can be levied on account
of the personalty.

Chapter 269 of the Laws of 1880 was passed to provide a remedy for illegal,
erroneous and unequal assessments in whatever form or manner they might be
levied. It must be construed so as to suppress the mischief aimed at by its

authors and a person cannot be deprived of the right to review an assessment on his property because without his fault the name of a person not its owner is entered against it as the owner thereof.

APPEAL by the relator, Frank Schaeffler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of March, 1895, quashing a writ of certiorari granted to review the proceedings of the respondents in assessing the property of the relator for taxation.

Joseph Schaeffler in his lifetime was the owner of twenty shares of the stock of the German Exchange Bank in the city of New York. May 15, 1893, he died at said city, leaving a last will which was probated June 2, 1893, and letters thereon were issued by the Surrogate's Court of the county of New York to Frank Schaeffler and Joseph Schaeffler of said city. November 15, 1893, the cashier of said bank, pursuant to section 313 of chapter 409 of the Laws of 1882, as amended by section 2 of chapter 714 of the Laws of 1892, furnished the commissioners of taxes and assessments with a list of the names and residences of the shareholders of the bank, with the number of shares held by each. In this statement Joseph Schaeffler was set down as the owner of twenty shares of the par value of $100 each. January 5, 1894, the aforesaid executors transferred said twenty shares to Frank Schaeffler, which transfer was registered on the transfer book of the bank. On the second Monday of January, 1894, which was the eighth day of the month, the assessment roll of the city was completed, on which Joseph Schaeffler was assessed for twenty shares of stock in the German Exchange Bank, valued at $6,260. Due notice of this assessment was given, and, on the 11th day of April, 1894, Frank Schaeffler appeared before the commissioners of taxes and assessments and filed his affidavit in which he stated the foregoing facts; he also testified that all of his personal estate, including said shares, did not exceed in value $15,000, and that his debts amounted to $46,000, and asked that the assessment upon the shares be stricken off, which the commissioners refused. None of the foregoing facts are disputed, and the affidavit of Frank Schaeffler was not controverted. Upon a petition stating the facts a writ of certiorari was issued pursuant to chapter 269 of the Laws of 1880, returnable on the first Monday of October, 1894,

on which a hearing was had February 11, 1895, and the writ was quashed. From the order quashing the writ the relator appeals.

*Frank Schaeffler*, appellant, in person.

*George S. Coleman*, for the respondents.

Follett, J.:

In case assessable personal property is in the possession and control of its owner, the policy of this State is that it shall be assessed to and the taxes be paid by the owner at his legal residence. On the date fixed by the statute for the assessment of personalty in the city of New York the relator was the owner of the shares of bank stock, and he should pay the taxes thereon, subject to legal exemptions. The first question presented is, was the assessment of the shares to Joseph Schaeffler, who was then dead, legal? It is clear that under the general statutes relating to the assessment of personal property requiring it to be assessed to the legal owner, its assessment to a dead man would impose no liability on any one to pay the tax assessed. But chapter 409 of the Laws of 1882 creates an exception to the general rule in respect to the assessment of shares of banking corporations. Section 313 of this chapter, as amended by chapter 714 of the Laws of 1892, requires that incorporated banks shall keep a correct list of the names and residences of stockholders, the number of shares held by each, and that banks in the city of New York shall, on or before the first day of December in each year, furnish the taxing officers with a certified copy of such list. The section further provides: "And the names of the holders of such shares appearing upon such list shall be deemed the names of the owners of such shares as are set opposite them respectively for the purposes of assessment and taxation, as provided for in this chapter." Section 314 of this chapter, as amended by chapter 714 of the Laws of 1892, provides that: "And the tax on the shares of said stock shall be and remain a lien thereon from the day when the property is by law assessed till the payment of said tax, and if transferred after such day the transfer shall be subject to such lien." By section 315 of this chapter, as amended by chapter 714 of the Laws of 1892, it is made the duty of the bank to pay the taxes on said shares out of the dividends declared on them.

Section 312 of chapter 409 of the Laws of 1882 provides : " But in the assessment of said shares, each stockholder shall be allowed all the deductions and exceptions * allowed by law in assessing the value of other taxable personal property owned by individual citizens of this State, and the assessment and taxation shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this State."

The clause quoted from section 313 does not provide that the persons whose names appear on the bank list shall be deemed to be the owners of the shares set opposite of their respective names, but that the names of the holders of such shares appearing upon such list shall be deemed *the names of the owners of such shares* as are set opposite them respectively.   Under this provision, if John Doe owns ten shares and the bank should, by mistake, return the name of Robert Roe as the owner of the shares, and the assessment should be made in his name, that name, Robert Roe, would be deemed the name of the true owner, John Doe, for the purpose of assessment and taxation, and the assessment of the shares would be valid.   An error in the name does not invalidate the assessment of the shares as against the true owner whoever he may be.   By section 314 above quoted it is provided that the tax on the shares shall be and remain a lien thereon from the day when the property is by law assessed until the payment of said tax, and if the shares are transferred after such day they shall be subject to such lien.   In this city the assessment is deemed to be levied on the second Monday of January in each year, and changes in ownership subsequent to that date have no effect upon the validity of assessments. (*Sisters of St. Francis* v. *The Mayor, etc.*, 51 Hun, 355 ; affd., 112 N. Y. 677 ; *Matter of Babcock*, 115 id. 450, 454 ; *People ex rel. Twenty-third Street R. R. Co.* v. *Commissioners of Taxes*, 91 id. 593, 602 ; *Austen* v. *Hudson River Telephone Co.*, 73 Hun, 96.)   Under the provision of the section last referred to an assessment of shares in the name of the person appearing on the bank list as the owner is, in effect, an assessment upon the shares against whoever owned them on the second Monday of January of the year in which the assessment is laid, and any subsequent transferee takes the shares subject to the lien of the assessment.   The

---

* *Sic.* — [Rep.

purpose of the statutory provisions under consideration was to prevent the owners of shares in banking corporations from escaping taxation by making transfers after the lists of the banks have been returned to the taxing officers. By this construction of the statutory provisions exact justice is promoted as between the taxing power and the owners of shares whoever they may be.

The second question involved in this appeal is whether the person who is the legal owner of the shares on the second Monday in January, the date when the assessment is deemed to have been laid, though not the apparent owner by the bank list, has the legal right to have the assessment stricken off in case his indebtedness exceeds the value of his personalty? By section 9 of article 2, title 2, chapter 13 of the 1st part of the Revised Statutes (1 R. S. 390), as amended by chapter 202 of the Laws of 1892, the just debts owing by persons and corporations assessed are to be deducted from the assessed valuation of personal property, and if the debts exceed the value of the personalty no assessment can be levied on account of the personalty.

It is urged that the relator was not aggrieved within the meaning of chapter 269 of the Laws of 1880. The act provides : " Section 1. A writ of certiorari may be allowed by the Supreme Court on the petition, duly verified, of any person or corporation assessed and claiming to be aggrieved, to review an assessment of real or personal property for the purpose of taxation made in any town, ward, village or city of this State, when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of over valuation, or is unequal in that the assessment has been made at a higher proportionate valuation than other real or personal property on the same roll by the same officers, and that the petitioner is or will be injured by such alleged illegal, erroneous or unequal assessment." It is urged that because the assessment is not against the relator by name, he is not within the class of persons entitled to the remedies provided by the act. This construction, we think, is too narrow and technical. The act was passed to provide a remedy for illegal, erroneous and unequal assessments in whatever form or manner they are levied. The assessment under review is just as effectual for the purpose of taking the property of the relator as though levied against him by name. By

section 818 of the Consolidation Act (Chap. 410, Laws 1882) an assessment against real estate is not void because the name of the true owner is not entered on the assessment roll.  If the construction contended for prevails, and a piece of real estate should be assessed at many times its value, but the name of some person not its owner entered on the roll as the owner, the true owner would be remediless and compelled to pay an unequal tax.  The statute must be construed so as to suppress the mischief aimed at by its authors, and it cannot be that a person is to be deprived of the right to review an assessment on his property, because, without his fault, the name of a person, not its owner, is entered against it.

The order quashing the writ should be reversed and the assessment vacated, but as it does not appear that the assessing officers " acted with gross negligence, in bad faith or with malice," without costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order reversed and assessment vacated, without costs.