(58 Misc. Rep. 252.)

PEOPLE ex rel. NATIONAL COPPER BANK OF NEW YORK v. WELLS et al., Commissioners of Taxes and Assessments.

(Supreme Court, Special Term, New York County. March, 1908.)

TAXATION—BANKS—SHARES OF STOCK.
　　Where shares of a banking association are assessed under Tax Law, Laws 1896, p. 806, c. 908, § 24, it is a property tax, and the bank is not entitled to have it reduced because it has only enjoyed the benefit of government protection for a portion of the year.

Certiorari by the people, on the relation of the National Copper Bank of New York, against James L. Wells and others, commissioners of taxes and assessments. On motion to quash writ. Granted.

Shearman & Sterling (James M. Beck and Carl A. Mead, of counsel), for relator.

Frederick K. Pendleton, Corp. Counsel (Curtis A. Peters, of counsel), for respondents.

LEVENTRITT, J.   In a proceeding instituted to review the assessments against stockholders on the value of their shares of stock in the relator corporation, the respondents move to quash or supersede the writ of certiorari.   The National Copper Bank of New York, organized under the national banking act, commenced business in the city of New York on May 1, 1907.   On or about July 1, 1907, it filed with the respondents a statement of its condition on the 1st of June next preceding, as required by section 23 of the tax law (Laws 1896, p. 805, c. 908), and thereafter it was duly notified of an assessment for taxation, under section 24 of the tax law, of $40,716.84.   Thereupon the relator requested a reduction of the tax by one-third thereof, on the ground that, as the relator had been engaged in business during but eight months of the year 1907, it should be required to pay only two-thirds of the annual tax.   A denial of that request led to the institution of this proceeding for review.

The relator argues that the tax is imposed, not as a property tax, but as an annual license fee, in return for the privilege of carrying on a banking business in this state, and that, therefore, the relator is called upon to pay a tax only for that portion of the year during which it has been in existence and has enjoyed the benefit of governmental protection.   Section 13 of the tax law provides:

"The stockholders of every bank or banking association organized under the authority of this state, or of the United States, shall be assessed and taxed on the value of their shares of stock therein; said shares shall be included in the valuation of the personal property of such stockholders in the assessment of taxes in the tax district where such bank or banking association is located, and not elsewhere, whether the said stockholders reside in said tax district or not."

The authority for the taxation of bank shares is conferred by section 5219 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3502) relating to national banks, as follows:

"Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the Legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state subject only to the two restrictions that the taxation shall not be a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere."

Section 23 of the tax law provides:

"The chief fiscal officer of every bank or banking association organized under the authority of this state, or of the United States, shall on or before the 1st day of July, in each year, furnish the assessors of the tax district in which its principal office is located a statement under oath of the condition of such bank or banking association on the 1st day of June next preceding, stating the amount of its authorized capital stock, the number of shares and the par value of the shares thereof, the amount of stock paid in, the amount of its surplus and of its undivided profits, if any, a complete list of the names and residences of its stockholders and the number of shares held by each.  *  *  * There shall, in addition to such report, be kept in the office of every such bank or banking association a full and correct list of the names and resi-

dences of all stockholders therein, and of the number of shares held by each, and such lists shall be subject to the inspection of the assessors at all times. The list of stockholders furnished by such bank or banking association shall be deemed to contain the names of the owners of such shares as are set opposite them respectively, for the purpose of assessment and taxation."

Section 24, following the command of section 5219 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3502), regulates the assessment of shares in this language:

"In assessing the shares of stock of banks or banking associations organized under the authority of this state or of the United States the assessment and taxation shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state."

The sections under consideration are founded upon and are substantial re-enactments of chapter 409, p. 581, of the Laws of 1882. Section 312 (page 701) provided:

"The stockholders in every bank or banking association organized under the authority of this state, or of the United States, shall be assessed and taxed on the value of their shares or stock therein; said shares shall be included in the valuation of the personal property of such stockholders in the assessment of taxes at the place, city, town or ward where such bank or banking association is located, and not elsewhere, whether the said stockholders reside in said place, city, town or ward or not; but in the assessment of said shares each stockholder shall be allowed all the deductions and exceptions allowed by law in assessing the value of other taxable personal property owned by individual citizens of this state and the assessment and taxation shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state."

The general tax law then in force provided that all personal property within the state, whether owned by individuals or corporations, should be liable to taxation (Rev. St. [8th Ed.] pt. 1, c. 13, tit. 1, § 1, p. 1082), and the tax levied was considered and held to be a property tax. People ex rel. Schaeffler v. Barker, 87 Hun, 194, 33 N. Y. Supp. 1042, affirmed on opinion below 148 N. Y. 731, 42 N. E. 725; City of New York v. McLean, 170 N. Y. 374, 63 N. E. 380. The property itself was made liable for the tax. Laws 1882, p. 702, c. 409, § 314. By section 315, p. 703, of this chapter, as amended by chapter 714, p. 1468, of the Laws of 1892, it was made the duty of the bank to pay the taxes on shares out of the dividends declared on them. By section 24 of the present tax law it is declared that:

"It shall be the duty of every bank or banking association to collect the tax due upon its shares of stock from the several owners of such shares, and to pay the same to the treasurer of the county wherein said bank or banking association is located, and in the city of New York to the receiver of taxes thereof on or before the 31st day of December in said year; and any bank or banking association failing to pay the said tax as herein provided shall be liable by way of penalty for the gross amount of the taxes due from all owners of the shares of stock, and for an additional amount of one hundred dollars for every day of delay in the payment of said tax."

Section 314 of the former law provided:

"And the tax on the share or shares of said stock shall be and remain a lien thereon from the day when the property is by law assessed till the payment of said tax."

Section 24 of the law now in force further provides:

"Every bank or banking association so paying the taxes due upon the shares of its stock shall have a lien on the shares of stock and on all property of the several share owners in its hands, or which may at any time come into its hands, for reimbursement of the taxes so paid on account of the several shareholders, with legal interest, and such lien may be enforced in any appropriate manner."

There is also a similarity between the provisions of section 23 of the present law and those of section 313 of the former law. The requirement of a report is now mandatory throughout the state; whereas section 313 required only a report on request, except in New York City. The date for filing the report and the penalty for failure to file were added in the re-enactment.

It is plain that the tax imposed is a property tax, and not a license. Article 1, which embraces section 13, of the tax law, is entitled "Taxable Property and Place of Taxation." The tax is assessed against the shares of stock owned by the respective stockholders, and not against the capital of the bank. The tax is due "from all the owners of the capital stock." It is collectible by the bank from such owners. The bank has a lien for reimbursement on the stock and upon all property of the stockholders in its hands, or "which may at any time come into its hands." Finally, the statute provides that the tax shall be paid by the respective banks, in the city of New York, to the receiver of taxes on or before the 31st of December in each year, "and said tax shall be collected by the said receiver of taxes, and shall be by him paid into the treasury of said city to the credit of the general fund thereof." There is no analogy between the sections referred to and section 182. That section is embraced in article 9, entitled "Corporation Tax," and provides for an annual tax, payable by the corporation to the State Treasurer, to be computed upon the basis of the amount of its capital stock employed within the state, and the rule which now prevails with reference to the computation of that tax is that a corporation can only be assessed proportionately for the time it has actually been engaged in business. People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 69 N. E. 124; People ex rel. Ft. George Realty Co. v. Miller, 90 App. Div. 588, 86 N. Y. Supp. 420. But no warrant exists in law for any such apportionment in connection with a tax assessed against and levied upon property owned by individuals.

It follows, therefore, that the motion to quash the writ must be granted.

Settle order on notice.