## Samuel Stein

v.

## Judson M. W. Jones.

1. SURETY—ASSIGNMENT OF LEASE NOT A RELEASE.—Where a surety signs a lease appearing on its face to be made to himself and the actual lessee jointly, and the lessee afterward, with the consent of the landlord, assigns the lease to other parties without the knowledge or consent of the surety, said assignment not containing any release of liability of the original lessees, the surety will not be discharged by such assignment.

2. EVIDENCE—APPARENT PRINCIPAL, ACTUAL SURETY.—The court inclines to the opinion that one who signs a lease, bond, or other sealed instrument without anything in the writing or method of signing to indicate that he signed as surety and not as a principal, may show by parol that he did sign as surety, and to the knowledge of the other party to the instrument.

3. SAME—PAROL.—A parol discharge can not be set up in an action on a specialty.

Appeal from County Court of Cook county; the Hon. Richard Prendergast, Judge, presiding. Opinion filed April 28, 1886.

Action of covenant was brought in the county court by appellee against appellant and one W. Bedord; appellant alone was served and pleaded *non est factum*, and a special plea setting up that he signed the lease as surety for Bedord only, and that this fact was known to plaintiff. That in the month of September, 1885, they entered into an agreement with Bedord by which he permitted said Bedord to assign the lease and premises to Rosenberg & S. and agreed to accept them as tenants and did collect rent of the premises from them, and that all this was done without the knowledge or consent of defendant Stein, whereby said Stein was discharged from all liability as such surety upon the lease.

The lease is by J. M. W. Jones, party of the first part, to W. Bedord and Samuel Stein, party of the second part, and on its face appears to be a demise to the two.

Stein was never in possession, but Bedord was. Plaintiff's

agent consented to an assignment by writing consent on the back of the lease. The consent is in terms to the assignment of the lease to Rosenberg & Schidowsky, without releasing liability of original tenants.

Bedord was present when consent to assignment was given, but Stein was not.

No written assignment of the lease appears; there is a blank assignment unexecuted on the lease.

Rosenberg & Schidowsky went into possession and paid rent for some time, then left, and this suit is brought for rent accruing after they left. All rent was paid up to time Bedord moved out. On the trial, which was before the court without a jury, Stein offered to prove that at the request of the plaintiff he signed the lease, not as a tenant, but as a surety only for the due performance of the lease on the part of Bedord, and that the lease was assigned without his knowledge or consent.

The court refused to admit such evidence, and defendant excepted. Finding for plaintiff for $130 and judgment. The case comes here by appeal.

Messrs. KRAUS, MAYER & BRACKETT, for appellant; that the current of authority is in favor of permitting a party to an instrument under seal to show by parol evidence the fact of his suretyship, cited Fowler v. Alexander, 1 Heiskell (Tenn.), 425; Creigh v. Hedrick, 5 W. Va. 140; Scott v. Bailey, 23 Mo. 140; Dickerson v. Comm'rs, 6 Ind. 128; Artcher v. Douglass, 5 Denio, 509; Bk. of Steubenville v. Hoge, 6 Ham. 17.

Messrs. HUTCHINSON & PARTRIDGE, for appellee; that what was done by the landlord would not discharge the surety, cited Taylor on Landlord and Tenant, § 384.

MORAN, J. Whether one who signs a lease, bond, or other sealed instrument, without anything in the writing or method of signing to indicate that he signed as surety and not as a principal, may show by parol that he did sign as surety and to the knowledge of the other party to the instrument, we do not find it necessary in determining this case to decide. We

may say, however, that the decided cases appear to give sup-
port to the affirmative of the proposition.

Here the evidence offered by the defendant, Stein, to dis-
charge him from liability on the covenant of the lease to pay
rent, would not avail for that purpose, had the court admitted
the evidence that he was only a surety on the lease or had that
fact been expressly stated on the lease itself.     It is agreed in
the lease, that the party of the second part, nor their heirs,
executors or administrators will underlet said premises, or any
part thereof, or assign the lease without the written assent of
the said party of the first part had and obtained thereto.

This covenant is for the benefit of the landlord and it con-
templates that he may consent to assignment of the lease.     He
did consent in accordance with the implication of the lease, but
such consent in no way enlarged or affected the liability of
Bedord or of Stein under the covenant to pay rent.     The les-
see, by assigning the lease, whether with or without the consent
of the lessor, can not rid himself of his liability under the
covenants.     A surety is bound only by the terms of his under-
taking, it is true, but he will not be discharged by that which
does not affect his undertaking.     If the term for any cause
named in the lease is determined, the surety is discharged from
further liability, because the tenant is.     Wood, Landlord and
Tenant, Sec. 474.     A material alteration in the relation of the
original parties to each other, without the consent of the surety,
will, however, operate as a discharge, as if a lessor enlarges the
time of performance or makes a new lease of the premises,
either to the lessee or to some other person. · Miller v. Stew-
ard, 9 Wheat. 680 ;  White v. Walker, 31 Ill. 422.

In such case the lease on which the surety became liable
is terminated by the altered or substituted contract, but where
the alteration is in accordance with the contract which the
surety signs, he remains liable.     The terms of the lease here
implies the right of the lessee to assign by the lessor's consent.

In Decker v. Gaylor, 8 Hun, 110, the lease was for one
year, and the surety signed as security, as appeared from the
lease.     The lease had a provision in these words :     "This
contract is to be renewed for three consecutive years, if it is

fulfilled to the satisfaction of both parties." It was held that the lease being renewed by the lessor and lessee named therein, the surety remained liable for the rent of the second and third years.

But there is a further reason why, even if what was done by the lessor would discharge the surety, it could not avail in such a case as this in an action at law.

Here the action was upon a specialty, and under the common law rule which obtains in this State a parol discharge can not be set up in an action on a specialty. In Wittner v. Ellison, 72 Ill. 301, it is said: "The action is brought upon a specialty, and the agreement to extend the time of payment was by parol. By the rules of the common law, when the action is upon a specialty, the surety can not set up a parol agreement to enlarge time without his assent, as a defense. It is peculiarly a matter for a court of equity;" citing Davy v. Prendergast, 5 Barn. & Ald. 187; Parker v. Watson, 8 Exch. 404; Tate v. Wymand, 7 Blackf. 240; Lock v. United States 3 Mason, 446.

The point made, that judgment was entered by the court below against Bedord as well as Stein, when there was no service on Bedord, can not be urged by Stein. The obligation was several, and a judgment can be taken against one of the obligors only. The judgment against Stein is good, and that it does not bind Bedord does not concern Stein. The person who is injured by the error is the only one who can complain. Robinson v. Brown et al., 82 Ill. 280; Greenman et al. v. Harvey, 53 Ill. 386; 102 Ill. 466.

The judgment of the county court is correct and must be affirmed.

Affirmed.