## LEOPOLD DIETZ

### v.

## K. G. SCHMIDT.

*Landlord and Tenant—Guaranty—Assignment.*

1. Where a lease contains a covenant on the part of the lessee not to assign without the lessor's assent, an assignment with such assent does not discharge the liability of the guarantor, although such assignment was without his knowledge.

2. In the case presented, it is *held:* That an agreement between the lessor and the guarantor that the question of the liability of the latter should abide the final judgment in a certain suit, contemplated a judgment rendered on the merits.

Dietz v. Schmidt.

[Opinion filed August 1, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. M. Salomon and J. A. Sleeper, for appellant.

Messrs. William Vocke and Harvey Storck, for appellee.

Garnett, J. The appellant brought this action against appellee on a guaranty of the payment of rent written on a lease for a term of five years, dated April 17, 1882.

The case was tried by the court without a jury; finding and judgment against the plaintiff, from which he appeals. The defendant interposed several defenses:

*First.* After the tenant, Fisher, had occupied the premises for about two years, he sold his stock and fixtures and assigned his lease to Henrietta Krause, she taking possession and paying the rent for some time; and, as appellee insists, this was done with the consent of appellant, and without the knowledge or consent of appellee.

Assignment of the lease by the tenant, with the consent of the landlord, does not discharge the guarantor's liability. The lease contained a covenant on the part of the lessee not to assign without the landlord's consent. That was for the benefit of the landlord and impliedly gave him the right to consent to an assignment. Such consent and assignment in no way enlarged or affected the liability of appellee. The ruling of this court in Stein v. Jones, 18 Ill. App. 543, closes discussion of the question in this court.

*Second.* After the assignment to Krause, certain installments of rent being unpaid, Dietz commenced two suits against Schmidt on his guaranty before a justice of the peace. Thereupon an agreement was made between Dietz and Schmidt, dated January 3, 1885, providing that the two suits should be dismissed and costs therein paid by Schmidt; that Dietz should, within thirty days, bring suit in the Superior Court to recover the amount claimed to be due on the guaranty, in which

Schmidt should appear and plead within ten days after notice of its commencement; that any final judgment in that case in Schmidt's favor, not appealed from, should discharge him from liability as guarantor; that until said suit was determined one Bamberger was to rent the premises as agent, and credit to Schmidt the amount received, less commissions, and that no such renting should be construed to discharge the liability of Schmidt.

It is alleged that suit was commenced by Dietz as agreed, but that he took a non-suit therein, and judgment for costs was rendered against him, from which no appeal was taken. That is claimed by Schmidt to be a final judgment within the terms of the agreement. We can not concur in that view. It is unreasonable to suppose that either party contemplated any judgment as a bar to appellant's cause of action except such as should be rendered on the merits of the case. But a conclusive answer to appellee's position is, that the record fails to show a final judgment in the suit commenced by Dietz in pursuance of the agreement.

The record offered in evidence shows a judgment for costs against the plaintiff in the Superior Court, in a cause wherein Leopold Dietz was plaintiff and K. G. Schmidt was defendant, but there is no evidence showing what was the issue in that suit, what was sought to be recovered, nor when the suit was commenced.

*Third.* After the making of the agreement of January 3, 1885, Bamberger leased the premises to one Koblitz. Appellee insists upon that leasing as a defense. It was expressly authorized by the terms of the contract. We are at a loss to understand how appellee can interpose this leasing as a discharge of his liability.

The court below erred in its finding and judgment for appellee. The judgment will therefore be reversed and remanded.

*Reversed and remanded.*