# E. W. FARNHAM
## v.
## WILLIAM F. MONROE.

*Landlord and Tenant—Lease—Rent—Guaranty—Assignment.*

In an action to recover upon a written guaranty for payment of rent, this court holds, that in view of the terms thereof a subsequent assignment of the lease did not operate as a release of the guarantor.

[Opinion filed December 24, 1889.]   ·

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. WILLIAM FENIMORE COOPER, for appellant.

Mr. GRAHAM H. HARRIS, for appellee.

GARNETT, J.   This is an action on a guaranty under seal, executed by appellant. The guaranty was written on the back of a lease of certain premises, made by appellee as party of the first part.

The lease, which was made and dated May 2, 1887, prohibited the lessees from assigning the same without the written consent of the lessor.   On September 9, 1887, the lessor consented to the assignment to Bell & Co., on condition (as Monroe testified) that they would get somebody that was responsible to indorse the lease.   Appellant, on the contrary,

testified that the negotiation was between himself and one Alvord, the agent of Monroe, and that Alvord told him Monroe desired a surety on the lease for Bell & Co. But whatever may have occurred in the negotiation between the parties (no fraud or imposition being shown) is of no importance, as Farnham did in fact execute the guaranty in these terms:

"For value received I hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease, as covenanted and agreed, in manner and form as in said lease provided. Witness my hand and seal this 9th day of September, A. D. 1887.

"E. W. FARNHAM.  [SEAL]"

On the same day Monroe consented to the assignment to Bell & Co. The assignees took possession of the premises at once and remained in possession until about November 15, 1887, when they assigned the lease to one Robbins, who vacated the store December 31, 1887. The premises were not occupied in January, 1888, and appellee sued appellant for the rent of that month; judgment was rendered in favor of appellee, from which he has appealed.

The argument for appellee is based upon the theory that the contract of guaranty was for Bell & Co. only, and that as soon as they assigned the lease they were no longer liable for the rent, and consequently the grantor was released. We know of no rule of construction which can turn the guaranty from its plain import; all verbal negotiations are merged therein. It is a guarantee of the payment of the rent and performance of the covenants by the party of the second part in the lease. King & Coyle were the party of the second part. Bell & Co. were not parties to it. Farnham may have intended only to make himself responsible for Bell & Co.'s payment of the rent while they occupied the premises, but if he did he could have used very different words. There is no evidence which warrants the court in remodeling the contract; it must stand as it is written. Nor is the assignment by King & Coyle to Bell & Co., or by Bell & Co. to Robbins, any defense to an action on the guaranty. Dietz v. Schmidt, 27 Ill. App. 114. The judgment is affirmed.

*Judgment affirmed.*