### Nathaniel C. Foster v. Frank Sayre Osborne.

1. CONSIDERATION—*When Proof of Is Not Required.*—A guaranty under seal expressed on its face that it was made for value received. *Held*, that no extraneous proof of a consideration was needed.

2. PLEADING—*Allegations Not Denied Considered as Admitted.*—In a suit on a guaranty where the breach alleged is not denied by the pleas it is considered as admitted, and proof of such breach is not required.

Covenant, on a guaranty. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

S. W. McCASLIN, attorney for appellant.

ROBERT F. PETTIBONE, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

There was much pleading in this case although the issues were simple.

The action was covenant by the lessor against the guarantor of a lease.

The lease was by appellee to Charles I. and Anna C. Wickersham, dated February 1, 1891.

Appellant's guaranty upon the back of the lease was as follows:

" For value received, I hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease, covenanted and agreed in manner and form as in said lease provided.

Witness my hand and seal this sixth day of February, A. D. 1891.

N. C. FOSTER.   [SEAL.] "

In January, 1893, the lessees, with the consent of the lessor, assigned the lease to Mary L. Greene, upon the condition, however, that the Wickershams should remain liable, etc., and the alleged breach of covenant was non-payment of rent from May 1, 1893, to April 30, 1894.

The evidence furnishes but very little matter for controversy. Although appellant may have been desirous, at the time the lease was assigned, to become freed from his liability as guarantor, it was not done, and he took chattel mortgage security from Mrs. Greene to secure him that she would keep him safe.

Any claim that, as a matter of law, appellant was guarantor only for Wickershams is satisfactorily answered in Farnham v. Monroe, 35 Ill. App. 114; and Dietz v. Schmidt, 27 Ill. App. 114. No one of the pleas that were left to go to trial upon denied the alleged breach, and the breach therefore stood as admitted, and proof of the breach was not required, and the jury was properly so instructed.

It is claimed to have been error by the court to modify

an instruction asked by the appellant that if the lease and guaranty were executed at different dates and as independent transactions, and that appellant received no consideration for the guaranty, he should be found not guilty, by adding that, as a matter of law, a consideration passing to the principal was sufficient to support the guaranty without any other consideration passing to the guarantor.

It will be observed that the guaranty expressed on its face that it was made for value received, and that it was under seal. No extraneous proof that there was a consideration paid was therefore needed, and the instruction was not wrong.

We need not comment upon the objections that are urged because of the refusal of other instructions asked by appellant. None of them are tenable.

Nor need we take time to consider the arguments concerning the action of the court upon appellant's numerous pleas. Of the seventeen pleas that he filed, those that were left for him to go to trial upon presented every material defense that was open to him, and a full consideration of all the evidence shows very satisfactorily that the judgment was right and ought to be affirmed, and it is so ordered. Affirmed.