## VERSCHLEISER v. NEWMAN.

(Supreme Court, Appellate Term. May 31, 1912.)

1. PRINCIPAL AND SURETY (§ 102*)—DISCHARGE OF SURETY.

　　A lease provided that the lessee should not assign or sublet without the landlord's consent. When the lease was executed, defendant agreed that, if default was made by lessee in rent or in the performance of any covenants, defendant should pay the rent or arrears and all damages arising from nonperformance of the covenants. The lessee afterwards assigned the lease with the landlord's consent, but the assignment did not discharge the lessee. *Held*, that the landlord's consent to the assignment did not discharge defendant as surety from liability for a subsequent default in payment of rent.

　　[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 274–277, 347; Dec. Dig. § 102.*]

2. LANDLORD AND TENANT (§ 79*)—ASSIGNMENT OF LEASE—EFFECT.

　　The assignment of a lease by the lessee even with the lessor's consent did not discharge the lessee from liability for the rent.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 235, 244–253; Dec. Dig. § 79.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Max Verschleiser against Benjamin Newman. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Benjamin A. Verschleiser, of New York City (Alfred Frankenthaler, of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City (Moses H. Grossman and Charles Goldzier, both of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff herein is the owner of certain premises in the borough of the Bronx. When he bought these premises, they were leased for a term of five years by the previous owner to one Lizzie B. Waters. Lizzie B. Waters assigned her lease, without the consent of the landlord, to Aaron Newman. Thereafter Lizzie B. Waters, Aaron Newman, and the plaintiff entered into an agreement under seal, whereby it was agreed that, in consideration of plaintiff's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consent to the assignment, Aaron Newman agreed to assume all the terms, covenants, and conditions of the lease, and Lizzie B. Waters agreed to remain liable and responsible upon all the terms, covenants, and conditions of the said lease with Aaron Newman, so that their liability shall be the same as though the lease had originally been made between the plaintiff, as landlord, and Lizzie B. Waters and Aaron Newman jointly and severally, as tenants. The agreement further provided that Aaron Newman should not assign or underlet the premises without the consent of the landlord. At the time this agreement was made, and in consideration thereof, the defendant, the brother of Aaron Newman, agreed:

"That if default shall at any time be made by the said Aaron Newman in the payment of the rent or in the performance of any of the covenants contained in the said lease on his part to be paid or performed, that I will well and truly pay the said rent, or any arrears thereof that may remain due unto the said party of the first part herein, his representatives and assigns, and also any and all damages that may arise in consequence of the nonperformance of said covenants, or any of them," etc.

After Aaron Newman himself had occupied the premises for several months, he assigned the lease to another party with the consent of the landlord. It appears that the defendant was present at the time this consent was given. Aaron Newman's assignee failed to pay the rent, and the plaintiff seeks to hold the defendant liable upon his guarantee.

[1] The defendant urges that he was discharged by reason of the assignment of the lease with the plaintiff's consent.

[2] There seems to be no dispute but that Aaron Newman, the tenant, was not discharged by the assignment.

"In leases, the lessee, being a party to the original contract, continues liable notwithstanding any assignment." McAdam on Landlord & Tenant (4th Ed.) vol. 1, p. 847.

Nor does the consent of the landlord change this rule:

"Though the transfer of the lease by the lessee with the lessor's consent relieves the term of forfeiture, where such consent is a necessary condition, it does not release the tenant from his covenant to pay rent, and simply gives the lessor an option whether to sue the lessee on his covenant to pay, or the assignee on the privity of estate." McAdam on Landlord & Tenant, p. 865, and cases there cited.

It appears from the agreement itself that the parties contemplated that such a consent might be given, and though the landlord has, by giving his consent, waived his right to a foreefiture, he has not changed the obligation of the lease. In the case of Morgan v. Smith, 70 N. Y. 537, at 544, the court stated:

"It was a provision of the lease that the lessee should not assign it, nor let or underlet the whole or any part of the premises, without the written consent of the plaintiff. There was implied thereby that, with that written consent, there might be an assignment or letting or underletting by the lessees. The sureties knew, or were bound to know, this, when they executed their guaranty. Hence it would not operate to discharge them from their liability, that the plaintiff should give such a written consent."

The trial justice, in spite of these considerations, held that the surety was discharged under the authority of the case of Murphy v. Ottmann, 127 App. Div. 563, 111 N. Y. Supp. 912. In that case, the lease

of a hotel was originally made to one David S. Hammond, and the defendant was a guarantor against his default. The lease contained a clause giving Hammond an absolute right of assignment to "a corporation consisting mainly of himself and his associates in business." Before the term took effect, Hammond assigned his lease to a corporation "organized for the purpose of carrying on the hotel, and consisting mainly of Hammond and his associates in business." Some years thereafter the new corporation was in default in the payment of rent, and the landlord sought to hold the surety upon his agreement to be responsible against a default by Hammond. It is to be noted that, in that case, no consent to the assignment was required or given, and, apparently, no question was raised but that the guarantor was not discharged by any act of the landlord, so far as concerned his original liability for Hammond's default. It would seem, however, that, from the fact that Hammond was, in a sense, only the trustee of the new corporation, the new corporation might be considered to have a privity not only of estate but of contract with the landlord (Van Schaick v. Third Avenue R. R. Co., 38 N. Y. 346), and that, from all the circumstances surrounding the transaction, the new corporation had been accepted as substituted tenant for Hammond. The real question in that case was whether, under the terms of the guaranty, the defendant agreed to be surety, not only for Hammond, but also for any substituted tenant. The court did not decide, however, and in my opinion could not decide, that the surety was discharged in regard to any default for which Hammond would still be liable. The opinion in that case also points out that the expressions in the opinion of Morgan v. Smith, supra, must be applied only to the facts of that case, and are not authority for any rule *compelling* the provision for the assignment of a lease to be read into a contract of guaranty, *"and thus making the surety liable for the default of the assignee."* (Italics are mine.) I think, however, that both upon principle and the authority of that opinion, the provision for the assignment in the lease compels us to hold that the mere consent to the assignment does not discharge the surety from liability for the default of the assignor.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs.

SEABURY, J. I concur. The circumstances disclosed by the record do not justify the conclusion that there was a surrender by operation of law of the lease to Aaron Newman. In the absence of such a surrender, Aaron Newman continued to be liable under the terms of the lease. In this view of the case, the present action is merely an attempt to hold the defendant as surety for the default of Aaron Newman, and not for the default of Aaron Newman's assignee. This is precisely the liability which the defendant assumed under his contract. I think we must assume that the assignor of the lease in Murphy v. Ottmann, 127 App. Div. 563, 111 N. Y. Supp. 912, surrendered his lease, or was otherwise discharged from liability under it. So con-

strued, Murphy v. Ottmann, supra, is in harmony with the authorities which are cited in the note to the passage quoted by Mr. Justice Lehman from McAdam on Landlord & Tenant. That an assignment of a lease by a lessee, with the lessor's consent, does not operate to release a surety who has agreed to answer for the default of the lessee, has been directly held in Farnham v. Monroe, 35 Ill. App. 114, and Dietz v. Schmidt, 27 Ill. App. 115.