MARGARET LUTHIN, as Executrix, etc., of REINHARD H. LUTHIN, Deceased, Plaintiff, v. HARRY PARODNECK, Doing Business as PECK HARDWARE COMPANY and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Fifth District, May 7, 1931.

*Lewis & Schaap*, for the plaintiff.

*Meyer Parodneck*, for the defendant.

DAVID C. LEWIS, J. Plaintiff sues for the rent for the months of January to March, inclusive, pursuant to a written lease made by the plaintiff with the defendant Parodneck, dated the 23d day of March, 1929, for a term of twenty-three years commencing the 1st of June, 1930. Paragraphs " first," " second," and " third " of the complaint allege the making of this agreement of lease, the provision against assignment without the landlord's written consent, and that on about October 26, 1929, the defendant Parodneck assigned the lease to the defendant Klaff, it being " further agreed between the parties thereto *that nothing in the said agreement contained would operate as a release of the defendant Harry Parodneck from the said lease or from any of its terms, covenants or conditions.*" (Italics mine.)

These allegations of the complaint are not denied. The defendant relies upon a separate defense that Parodneck after the assignment became liable merely as a surety, the assignee becoming the principal obligor. This theory, I take it, is built on " the doctrine of equitable subrogation," familiar to controversies between the original mortgagor and mortgagee where a subsequent grantee assumes the mortgage. The essential factual features of this contention, as alleged in the defendants' answer, are substantially as follows: That the lease contained a provision that " the tenant shall not make any alterations to the premises or change the character of the occupancy without the consent of the landlord " (¶ 3); that before the commencement of the lease and on October 26, 1929, defendant Parodneck, with the landlord's consent, assigned the lease to defendant Klaff (¶ 4); that Klaff entered into possession and occupied the same (¶ 5); that defendant Klaff with the knowledge and consent of plaintiff, made structural changes and alterations, changing the character and occupancy of the premises and reducing

the rental value thereof (¶ 6) without the consent of defendant Parodneck and to his harm and damage (¶ 7); that by reason of the foregoing facts, the defendant Parodneck has been released and fully discharged from any and all obligation and liability under the lease referred to in the complaint (¶ 8).

The defendant has submitted many decisions, in which the position of a lessee who has assigned his lease and who has been called upon to pay the landlord through the default of his assignee is referred to as a surety. However, these expressions so employed are not controlling here, nor are the decisions rendered in controversies between an original mortgagor, who has deeded his property to a grantee (taking the property subject to and assuming the mortgage) and the original mortgagee, applicable, for the situations are by no means analogous. While in some cases the lessee who has assigned may in some respects be classified as a surety, yet where by express covenants his original liability remains unaltered, he remains the primary obligor.

" Where, however, the lessee with the landlord's consent assigns the lease, but expressly covenants that nothing therein shall alter his liability under the covenants, including that for rent, he does not become a mere surety for payment of rent by the assignee, but is primarily liable therefor." (36 C. J. 373; see note 68 and cases cited.)

The plaintiff has done nothing in violation of the covenants of the lease. She acted in strict conformity with the terms. The parties by express covenant provided that the tenant shall not make any alteration to the premises without the consent of the landlord thereto. How then could the act of the landlord in consenting by itself work any release of the defendants' liability on the original hiring.

" It appears from the agreement itself that the parties contemplated that such a consent might be given, and though the landlord has, by giving his consent, waived his right to a forfeiture, he has not changed the obligation of the lease." (*Verschleiser* v. *Newman*, 76 Misc. 544, at p. 546.)

Motion granted for judgment pursuant to rule 113 of the Rules of Civil Practice. Five days' stay after service of copy of judgment with notice of entry thereof.