William R. Brennan, Jr., J.
On or about June 16, 1960 the plaintiff, as landlord, entered into a lease with the defendants Butler, Herrick & Marshall, as tenants, for premises in Babylon. The lease provided for a 10-year term commencing August 1, 1960, and for graduated annual rents payable in equal monthly installments during the term, the rent reserved for that part of the term commencing August 1, 1962 being $7,200 per annum.
The lease contained a covenant prohibiting assignment without the prior written consent of the- landlord. That covenant also provided, to the extent here material, that “ If this lease be assigned * * •* no such assignment * * * shall be deemed * * * a release of Tenant from the further performance by Tenant of covenants on the part of Tenant herein contained.” •
On March 11, 1963 the - plaintiff (hereinafter “landlord”), the defendants (hereinafter “tenants”) and the codefendant Commack Decorators Inc. (hereinafter “ assignee ”) entered into an agreement whereby the landlord consented to an assignment of the lease, the annual rent until the expiration of the term was increased to $9,000, and the assignee was required to deposit security and to assume all of the terms of the lease.
This litigation arises because the assignee, having gone into possession and continued in possession until December 1, 1963, then abandoned the premises which have remained vacant since; and the landlord has received no rent since that day. The landlord now sues for $60,000 alleging that this sum remains due under the lease as modified.
The tenants dispute neither the lease nor the agreement of March 11, 1963. However, they plead as a defense that they executed-the assignment by direction of the landlord and that the landlord discharged the tenants from all obligations-, under *271 the lease in consideration of the increase in rental and provision for security contained in the agreement.
The matter is before the court on landlord’s motion to dismiss the answer or to strike the affirmative defense.
The undisputed lease itself provided that an assignment would not be deemed a release of the tenants from their obligations under the lease. Even without that express provision, the original tenants would have remained liable on the covenants following the assignment because of the privity of contract existing by virtue of the lease (Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87, 90; Verschleiser v. Newman, 76 Misc. 544). That the assignee assumed the obligations of the assigned lease did not affect the liability of the original tenants (Halbe v. Adams No. 1, 172 App. Div. 186, 189).
1‘ An assignment of a lease by a tenant does not destroy the privity of contract which results from the making of the lease agreement. Therefore, it has been held, a tenant who assigns his lease remains liable, nevertheless, on his express covenants in the lease after the assignment even though the landlord consents to the assignment; accepts rent from the assignee; enters into the lease with the understanding that the tenant will immediately thereafter assign the lease; and, even though the assignee expressly assumes the obligations of the assigned lease.
“ None of these acts destroys the existing privity of contract. Therefore, in each of the instances given the assignor-tenant continues to remain personally liable on all of the express covenants in the lease on his part notwithstanding the assignment.” (1 Basch, Landlord and Tenant and Summary Proceedings, § 52, p. 41.)
A fortiori, the liability of the tenants continues where the lease, as here, expressly provides that an assignment is not a release.
There remains for consideration the tenants’ (defendants’) contentions that the landlord agreed to look solely to the assignee for its rents and discharged the defendants from all obligations under the lease.
Both parties have treated this as a motion for summary judgment (CPLB 3211 [c]) and the defendants ask judgment in their favor dismissing the complaint. Assuming that a novation and discharge could be established by parol, the only opposing affidavit is made by the attorney for the defendants who states only conclusions, who does not state that he was a party to or present at any alleged negotiations, and *272 who is not presumed to have knowledge of facts as to any conversations and negotiations leading to the written agreement of modification, assignment and assumption made March 11, 1963. It is elementary that on a motion for summary judgment where plaintiff’s pleadings and other papers disclose no real defense and the defendant fails to controvert the proof, especially where it consists of documentary evidence, and to establish by affidavits or other evidence the existence of a genuine defense, the motion should be granted (Di Sabato v. Soffes, 9 A D 2d 297, 300-301 and cases there cited); and that an affidavit by an attorney having no knowledge of the facts has no probative value (id.).
The documentary evidence offered by the landlord remains undisputed and, what is more significant, there is lacking any explanation for the omission, if such there was, of any additional terms now claimed (such as provision for the alleged discharge of the tenants) from the agreement of March 11,1963, executed by landlord, tenants and assignee.
The court is persuaded that the defense lacks merit, that the answer is sham and frivolous, and that the plaintiff is entitled to judgment, the amount of which will depend upon the terms of the lease, as modified, and proof of damage thereunder. An assessment of damages is ordered accordingly which will proceed on the filing of a note of issue and statement of readiness and the payment of all fees. The assessment will be set down on the calendar at Trial Term, Part I, for the twentieth trial day following such filing and payment, subject to the Justice presiding.