Oscar Murov, J.
The specific question presented in this summary proceeding is whether an assignee of a lease is a licensee of the assignor, within the .meaning of subdivision 7 of section 713 of the Real Property Actions and Proceedings Law pursuant to which this proceeding has been instituted.
Briefly the facts are that the lease covering the premises presently in possession of the respondent was assigned 'by the petitioner. Pursuant to this assignment, the respondent assignee assumed all the terms and conditions of the lease and agreed to hold the petitioner assignor harmless from all liability arising thereunder.
The lease provides that upon an assignment of the lease the lessee shall not be released from liability.
The petition alleges that the respondent assignee has failed to pay rent for the months of October, November and December, and that he has failed to pay taxes and provide for fire and liability insurance, as required by the terms of the lease. The petitioner prays for a judgment of possession and for a money judgment for rent and taxes in arrears.
Petitioner cites Beier v. Snitzer (167 N. Y. 6. 303) in support of the contention that a tenant can sue his assignee for defaulted rent. While this may ibe true, the crucial question as to whether an assignee is a licensee as to authorize summary proceedings *41 under subdivision 7 of section 713 of the Real Property Actions and Proceedings Law nevertheless remains to be determined.
A licensee has been defined as one to whom an owner has granted a mere right of occupancy. He merely has permission to do a particular act or series of acts upon the land of another, and he has no estate in the land. (Maffetane v. Micari, 205 Misc. 459; cf. Hess v. Roberts, 124 App. Div. 328; Kaypar Corp. v. Fosterport Realty Corp., 1 Misc 2d 469, affd. 272 App. Div. 878.)
Opposite to the situation of a licensee who does not have an estate in the land, and in which the licensor retains his vested legal interest, an assignment of a leasehold is a transaction whereby a lessee transfers his entire interest in the demised premises for the unexpired term of the original lease, with all of the reversionary estate in the property. (Cf. New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 266 N. Y. 254; McKinley Realty & Constr. Co. v. Rosenblum, 149 Misc. 730.)
What in reality occurs under an assignment is that the assignee becomes the owner of the leasehold estate, and is substituted in the place of the assignor under the lease. (See 1 Rasch, Landlord & Tenant. § 49, p. 39.)
The corporate respondent herein is not a licensee; it is an assignee. An assignor of a leasehold cannot bring summary proceedings to remove his assignee for nonpayment of any of the installments of the consideration agreed to be paid for the assignment, or for nonpayment of the rent reserved under the assigned lease. (14 Carmody-Wait 2d New York Practice, § 90:138, p. 109.) Accordingly, the petition is dismissed.