Richard W. Wallach, J.
This action for rent, in which both parties move for summary judgment, requires determination of the residual .rights and liabilities of a tenant after assignment of its lease.
Defendant, the erstwhile tenant of commercial space in New York City, executed assignments with plaintiff’s consent of two written leases with plaintiff to the third-party assignees on Dec. 1, 1967. The balance of the lease term assigned in both instances expires on May 31, 1970. The assignments were absolute and unconditional in form, and reserved no right in defendant-assignor to cure any default of the assignees, or to recover possession of the leased premises following any default or abandonment by the assignees.
After assigning their assets for the benefit of creditors in May, 1969, the two assignees defaulted in the payment of rent, and landlord commenced summary nonpayment proceedings which resulted in a final order awarding possession of the premises to plaintiff. The defendant assignor was not a necessary party to those proceedings (220-228 Brook Ave. Corp. v. Zaft, 151 Misc. 231) and was stipulated out of them. In the court’s view it is immaterial here whether the assignees abandoned the premises before execution of the warrant, and whether the premises were briefly utilized by a creditor of the assignees during the month of June, 1969, since it is undisputed that payment for use and occupancy for that month was paid. *941 In July 1969, defendant paid a sum equal to the monthly rent reserved to plaintiff, for which it was liable both under the express terms of the assignment and by operation of law. (Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87; Verschleiser v. Newman 76 Misc. 544; South Bay Center v. Butler, Herrick & Marshall, 43 Misc 2d 269.) After the assignment the assignor remained liable for performance of all affirmative covenants required to be performed by tenant under the leases. (209-13 West Realty Corp. v. Rose Offset Print. Corp., 74 N. Y. S. 2d 216, affd. 273 App. Div. 754.)
Defendant resists this action for collection of the August 1969 rent on the ground that it demanded re-entry and restoration to possession of the premises in the preceding month, a demand which landlord rejected. Defendant argues that such refusal constitutes a breach of the leases which relieves it of its rental obligation.
The court disagrees. Only a release or surrender of the lease could accomplish this result (see 1 Easch, Landlord and Tenant, § 53, p. 41) and no proof has been submitted to raise such a factual issue. Delivery of keys to the premises by the assignees or anyone else on their behalf to landlord, even if established, cannot be escalated into proof of surrender, in view of paragraph 24 of the standard real estate board form of loft lease, executed by the parties hereto, which provides that such an act “ shall not operate as a termination of the lease or a surrender of the premises.” Likewise the vague and conclusory reference in the affidavit of defendant’s vice-president to “ intent of the parties ” that if the assignees defaulted “ defendant would have the option of resuming occupancy ” is at best a contemporaneous oral agreement offered to contradict, vary, or subtract from the written terms of the assignments, and therefore barred by the parol evidence rule (Thomas v. Scutt, 127 N. Y. 133; Restatement, Contracts, § 237).
Defendant concedes that it has found no authority to support the proposition that an assignor of a lease, upon the assignee’s default, has an option to re-enter the leased premises for the balance of the leasehold term, denial of which at any time relieves the assignor of. liability. One reason may be (contrary co defendant’s suggestion that the answer is found in this particular landlord’s unique “audacity”) the paralyzing-uncertainty -sash a doctrine would create, and the pall it would cast over any effort by landlord to re-let the premises, if any new letting were made subject to destruction by the unilateral exercise of the assignor’s supposed option at any time prior to the expiration date t-C the leases.
*942 Then, rfcoo, there is some authority to be found pointing in the opposite direction. It has been held in Lo Russo v. Great 110 (59 Misc 2d 40, 41) that since “ an assignment of a leasehold is a transaction whereby a lessee transfers his entire interest in the demised premises for the unexpired term of the original lease, with all the reversionary estate in the property ”, (emphasis added), the assignor cannot maintain a summary proceeding against an assignee to recover possession of the property for nonpayment of the rent reserved under the assigned lease. Since a summary proceeding will not lie to recover possession, it would follow that a mere demand for possession could stand on no higher a footing, and the refusal of landlord herein to comply with such demand was not a breach of the lease or any other duty imposed by law.
Defendant’s final argument that issues for trial or assessment are raised by reason of article 16 (Bankruptcy clause) of the lease is easily disposed of. That provision gave landlord an optional and .alternative remedy to terminate the lease by reason of the insolvency proceedings of the assignees, and limited the landlord’s claim for damages in the insolvent estate. However, landlord here proceeded by way of dispossess proceedings invoking the assignees ’ default under the covenant to pay rent; thus the insolvency provisions of article 16 have no pertinence to the measure of damages here.
Accordingly, plaintiff’s motion for summary judgment for the August 1969 rent, in the sum of $8,716.16, with interest from August 1, 1969, is granted, and defendant’s cross motion for judgment dismissing the complaint is denied.