(100 App. Div. 430)

## OGDEN v. GETTY.

(Supreme Court, Appellate Division, First Department. January 13, 1905.)

1. LEASES—PROVISIONS—PAYMENT OF TAXES BY TENANT—EXPIRATION OF TERM
—FOR WHAT TAXES LIABLE.

Where a lease for 21 years, expiring October 1, 1903, required the lessee to pay all taxes laid, levied, assessed, or imposed during the term, the lessee was liable for taxes of 1903, the rolls having been completed, and with the warrant, having been given to the receiver of taxes, September 15, 1903, though no taxes could be paid or a bill therefor be obtained before October 5, 1903.

Action by Francis Ogden against Hugh Getty. Submitted on agreed facts. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. E. Souther, for plaintiff.
W. M. Muller, for defendant.

PATTERSON, J. The agreed statement of facts upon which this cause is submitted for consideration shows that the defendant is the lessee of certain premises in the borough of Manhattan, in the city of New York, and that he became such by assignment through various mesne instruments from the original lessees. The term of the lease was 21 years from the 1st day of October, 1882, and therefore that term expired on the 1st day of October, 1903. By the provisions of the lease the lessees were to pay a stipulated amount of rent per annum, and in the agreed statement of facts it is stated as follows:

"And in and by the said indenture the parties of the second part [the lessees] did for themselves, their executors, administrators, and assigns, covenant and agree to and with the party of the first part, his successors or assigns, that they should and would, at their own proper costs and charges, bear, pay, and discharge all such taxes as should during the said term be laid, levied, assessed, or imposed on or grow due or payable out of or for or by reason of the demised premises, or any part thereof, by virtue of any present or future law or ordinance of the corporation of the city of New York."

It also appears in the agreed statement of facts that Mr. Getty, the defendant, paid the taxes upon the demised premises for each and every year during his tenancy up to and including the year 1902. He has not paid the taxes for the year 1903, nor have they been paid by either party to this action. The taxes for that year arose from duly conducted tax proceedings under and pursuant to the greater New York Charter, namely, the property was assessed for taxation by proceedings commenced by the deputy tax commissioner on the first Tuesday of September, 1902, and completed before the second Monday of January, 1903, under direction of the board of taxes and assessments. From the date last mentioned until the 1st day of April, 1903, the books were open for examination and inspection. No application was made for the correction of the assessment, and such books were closed on the 1st day of April, so that the assessment rolls might be prepared. When these

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 522.

rolls were completed, the books in which they were entered were deliv-
ered to the board of aldermen on the first Monday of July, 1903. On
the 21st of July, 1903, an ordinance was passed ratifying and confirm-
ing the said rolls, and fixing the rate of taxation upon the assessed
values. The ordinance was approved by the mayor, and thereafter the
amount of the tax upon the assessed value of each piece of property
named in the rolls was extended or carried out in dollars and cents.
Thereafter, and on or about the 15th day of September, 1903, the
rolls, as completed, were duly delivered to the receiver of taxes, with
proper warrant or warrants annexed, for the collection of such taxes
in the manner required by law. The receiver of taxes, upon receiving
the rolls, gave public notice that all taxes would be due and payable on
the first Monday of October, 1903, which would be the 5th day of Oc-
tober, 1903. No taxes could be paid nor could a bill therefor be
obtained, prior to that day. The question now before us relates to
the liability of the defendant to pay the taxes for 1903 under the
covenant contained in the lease. He insists that his liability is only for
such taxes as became a lien upon the property or might have been en-
forced before the expiration of the term, which was on the 1st day of
October, 1903. The proper construction of the covenant does not
justify that contention. The lease was for a long term, and it seems
to be the natural construction that the taxes for each and every year
during the continuance of the term should be paid by the lessee in
addition to the stipulated rent. But, strictly construing the covenant,
it became the obligation of the lessee to pay all taxes that might be laid,
levied, assessed, or imposed on or grow due or payable out of the de-
mised premises, or any part thereof, during the period of 21 years.

It is well settled that the taxable status of property in the city of New
York is determined by its condition on the second Monday of January,
and that any changes occurring subsequent to that time do not author-
ize the commissioners to do anything more than revise the valuation.
Sisters of St. Francis v. The Mayor, 51 Hun, 356, 3 N. Y. Supp. 433,
affirmed 112 N. Y. 677, 20 N. E. 417. In People ex rel. Schaeffler v.
Barker, 87 Hun, 194, 33 N. Y. Supp. 1042, it is said:

"In this city [New York] the assessment is deemed to be levied on the
second Monday of January in each year, and changes in ownership subse-
quent to that date have no effect upon the validity of assessments."

In the Matter of Babcock, 115 N. Y. 450, 22 N. E. 263, it is said:

"The exigencies of the case require that the assessment of property shall
relate to some fixed period of time in order that the liability of persons to
pay taxes shall be made certain and exempt from contingencies rendering
their assessment and collection fluctuating, doubtful, and uncertain. It is
therefore provided that the enumeration of persons and property liable to
taxation in the city of New York shall be between the 1st day of September
and the second Monday of January thereafter in every year; but the tax-
able estates of persons and property in that city became established in Jan-
uary, and cannot be changed or affected by subsequent occurrences."

These cases, of course, relate to the fixation by assessment of the
value of real property for the purposes of taxation before the amount of
the tax is fully ascertained, and in order that the liability of persons
to pay the tax or of property to respond to the tax may be established.

The covenant here is to pay any amount that may be laid, levied, assessed, or imposed. But it may be said that all the matters referred to are preliminary to the laying, levying, assessing, or imposing of the tax, and that, separating the assessment and the proceedings connected with it from the fact of the imposition of the tax, and construing the covenant as meaning only that the lessee shall pay such a tax for the year 1903 as might be imposed before the 1st day of October in that year, then the defendant would be liable for the tax imposed for that year, which, as a tax, was fixed on the 15th day of September, 1903, for that was the date on which the warrants were issued to collect from the persons therein named the sums mentioned, and at that date there could be no doubt as to the person liable to pay the tax on the demised premises involved in this case. The question is one arising out of contract, and, giving the covenant in the lease in this case the strictest construction, the lessee cannot escape liability, because on the 15th day of September, 1903, there was a tax finally and unalterably fixed and imposed upon the demised premises, and that tax could not be changed or varied in any way.

No other question requires consideration, and judgment should be ordered for the plaintiff, with costs. All concur.