FREDERICK W. BARKER and MARTIN A. KNAPP, as Executors of and Trustees under the Last Will and Testament of JAMES J. BELDEN, Deceased, Respondents, v. WILLIAM S. HAWK and Others, Appellants.

Fourth Department, November 12, 1919.

Landlord and tenant — lease to end on specified day — when lease ends on that day, not upon preceding day — intention of parties — covenant of tenant to pay taxes.

The determination of the question as to whether a lease for a certain number of years, from the first day of November, ends on November first at midnight or expires on October thirty-first at midnight, depends upon the intent of the parties as evidenced by their practical construction of the lease.

Thus, where a lease of a portion of hotel premises ran for " twenty years from the first day of November, 1896," and a second lease of another portion of the premises which was subsequently erected, provided that " The term of this lease shall be fifteen (15) years and seven (7) months from the first day of April, 1901, and expiring on the first day of November, 1916," it was properly held that the two leases ended at midnight on November 1, 1916.

Hence, where the lessees convenanted to pay and discharge, at their own expense, " as they become due and payable from time to time," all taxes, assessments, etc., " during the entire term aforesaid," they are properly held liable for their proportionate share of taxes on the hotel property which became due on November 1, 1916, and this although at the time the leases were drawn said city taxes became liens on the first of September, but the statute was thereafter amended to make them due and payable semi-annually on May first and November first of each year.

APPEAL by the defendants, William S. Hawk and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 20th day of February, 1919, upon the decision of the court, the facts having been stipulated and a jury having been waived.

*Wesselman & Kraus* [*Irving Dillaye Vann* of counsel], for the appellants.

*Hiscock, Doheny, Williams & Cowie* [*L. B. Williams* of counsel], for the respondents.

HUBBS, J.:

James J. Belden was the owner of the Manhattan Hotel in New York city. This action was brought by the executors

under his will to recover the sum of $27,200, claimed to be due under two leases covering said hotel property. On November 1, 1916, there became due for taxes on said hotel property the sum of $40,800. Defendants' leases expired either on October 31 or on November 1, 1916, and the sum of $27,200 would be defendants' proportionate share of the taxes from July 1, 1916. The only question involved in this case is whether or not defendants were liable for the payment of said proportionate share of said taxes under the terms of their leases.

The Manhattan Hotel was built on two separate parcels of land. The part of the building fronting on Forty-second street was erected first and leased to the defendants by a lease dated December 24, 1896. The part of the building fronting on Forty-third street was built later as an addition to the hotel and was leased to the defendants by a lease dated April 19, 1901. The terms of the two leases in regard to the payment of taxes are identical and are as follows:

" *Sixth.* The said lessees also covenant and agree at their own expense to pay and discharge, as they become due and payable from time to time, all taxes, assessments, water rents, water meter charges, insurance premiums, and any other charges upon said premises during the entire term aforesaid, and upon making such payments to give to said lessor the receipts and vouchers for the same, the intention being to secure to said lessor during the said term the full rent above stated without deduction and without any charge or expense to him  *  *  *."

The first lease, dated December 24, 1896, covering the Forty-second street part of the hotel, defined the term of the lease as follows: " The term of this lease shall be twenty years from the first day of November, 1896."

The second lease, dated April 19, 1901, covering the part of the hotel fronting on Forty-third street, defined the term of the lease as follows: " The term of this lease shall be fifteen (15) years and seven (7) months from the first day of April, 1901, and expiring on the first day of November, 1916."

At the time the leases were executed taxes in the city of New York became liens on September first of each year and were payable annually.

After the execution of said leases the Greater New York charter was amended so that the annual taxes became due

and payable semi-annually on May first and November first of each year. (Laws of 1901, chap. 466, § 914, as amd. by Laws of 1911, chap. 455, and Laws of 1916, chap. 17.)

The defendants contend that the two leases expired on October 31, 1916, at midnight, and that, therefore, they are not liable for the taxes which became liens on November 1, 1916. The trial court has found that the leases expired on November 1, 1916, at midnight, and has found that the defendants are liable for the taxes which became due on that day. The plaintiffs asked judgment only for the proportionate share of the taxes for the period covered by the leases and judgment has been awarded for $27,200, that amount. No question is raised by the appellants about the amount of the recovery provided the respondents are entitled to recover at all. It is the defendants' position that where a lease is given for a definite term from a certain day, that day should be included in the term. The term of the first lease was for twenty years from the 1st day of November, 1896. The defendants say, therefore, that the term ended on October 31, 1916, at midnight. The position of the plaintiffs is that the question of whether or not the 1st day of November, 1896, should be included in the term is a question of the intention of the parties.

The leading case in this State is *Buchanan* v. *Whitman* (151 N. Y. 253), which holds that where a lease for a year " from the date " thereof has been practically construed by the parties to commence on the day of its date by a taking of possession on that day, then that day is to be included in computing the year and the term expires at midnight on the preceding day in the next year. The court held that, as the parties had placed a practical construction on the lease, it was, therefore, unnecessary to decide as to the effect of the language " from the date " standing alone and unexplained by the acts and intentions of the parties. The case does hold that the cardinal rule for construing such a lease is the intent of the parties.

In this case the first lease was dated December 24, 1896, and granted a term for twenty years from the 1st day of November, 1896. The lease recites that there was an agreement between the parties dated November 17, 1894, and that

said agreement recognized certain equities in said premises as belonging to the lessees.   I think it may be presumed that the said lessees were in possession of said premises on November 1, 1896, but whether under a lease which gave them a right to hold possession until midnight of November first or otherwise does not appear.   In other words, it does not appear whether they commenced to hold under the lease in question on November first or on November second.

The intention of the parties must, therefore, be found from such other facts as the record discloses.   The trial court, applying the rule that the intention of the parties shall control, has found that the intention was that the two leases should end at midnight on November 1, 1916.   We find no reason for disturbing such finding.

The second lease, dated on April 19, 1901, over four years after the first lease and while the defendants were in possession of part of the hotel property under the first lease, provided, by its express terms, that it should end on November 1, 1916. It was held in *People* v. *Robertson* (39 Barb. 9) that a lease so worded ended at midnight of the day stated as the day for the ending of the term.

It is fair to suppose that at the time of preparing the second lease the parties had in mind the terms of the first lease and that they drew the second lease so that it would end upon the same day that they understood the first lease would end.   The parties, by their own acts, have placed a construction upon the first lease which the trial court was justified in adopting and which affords sufficient evidence to sustain the finding that the parties intended that both of the leases should end on November 1, 1916.   The taxes were due and payable on that day and, under the wording of the leases heretofore quoted, the defendants were obliged to pay them.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.