SYLVINA E. WALL, as Ancillary Executrix of JOHN L. WALL, Deceased, Appellant, v. ALEXANDER HESS, Respondent.

First Department, December 24, 1920.

**Landlord and tenant — covenant of tenant to pay taxes construed — when tenant liable for taxes assessed during term but which do not become a lien until after expiration of lease.**

Where a tenant covenanted to " pay and discharge when due and payable or within sixty days thereafter, all and every tax and taxes * * * which shall be assessed, levied or imposed * * * during the said term," the tenant, whose term expired at midnight, April 30, 1917, is liable for taxes which were levied in the city of New York during the month of March of said year, although said taxes did not become a lien until May first, one day after the lease expired, and this is true although the change in the time for the assessment and the creation of the tax lien was made by the amendment to the city charter after the execution of the lease.

LAUGHLIN and DOWLING, JJ., dissent.

APPEAL by the plaintiff, Sylvina E. Wall, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on or about the 19th day of August, 1919, granting defendant's motion to set aside the verdict and for a new trial.

*Carlisle Norwood* of counsel [*Norwood & Walsh*, attorneys], for the appellant.

*David Cohen* of counsel [*Hedges, Ely & Frankel*, attorneys], for the respondent.

MERRELL, J.:

This action is brought to recover unpaid rent, taxes and water rates under an express covenant contained in a lease. The trial court directed a verdict in favor of the plaintiff for the sum of $2,608.06, but on motion to set aside the verdict the court reduced the recovery by $1,472.53, the amount of the taxes for the year 1917, and interest thereon. Upon the failure of plaintiff to stipulate to so reduce the verdict, the verdict was set aside and a new trial ordered. The question to be determined is the liability of the defendant to pay such taxes, the material facts being admitted.

The term of the lease here involved ran from September 1,

1901, to April 30, 1917, at midnight, and contains the following covenant:

"*First.* That the said party of the second part shall and will pay and discharge when due and payable or within sixty days thereafter, all and every tax and taxes, Croton water or other water rates, charges for placing, replacing or repairing water meters upon said premises, rents, charges, assessments, duties and other impositions whatsoever, as well ordinary as extraordinary, which shall be assessed, levied or imposed upon the said premises, or any part thereof, by any government, power or authority whatsoever during the said term, except that the parties of the first part covenant and agree to pay all taxes, assessments or other charges which may become a lien and charge on said premises in the year 1901; but the party of the second part covenants and agrees to pay the water rates or rents chargeable against or to said premises or any part thereof after September 1st, 1901."

Under the amended city charter which took effect January 1, 1912, all assessments are made prior to March first, the taxes are levied or imposed in March, and one-half thereof become due and payable on May first and the other half on November first each year. It is admitted that the taxes for the year 1917 were assessed, levied and imposed on the demised premises during the month of March. Such taxes did not, however, become a lien and charge until May first, one day after the lease expired. The lessee here contends that no burden rests upon him to pay any taxes which were not a lien on the premises when his term expired, and that he has fully performed his covenant by surrendering the premises free from tax liens.

Were it not for the decision of the Court of Appeals in *Ward* v. *Union Trust Company* (224 N. Y. 73), relied on by the trial court, it is doubtful if any question would have been raised respecting the meaning of the seemingly clear language used in the lease here under consideration. The lessee has expressly covenanted to " pay and discharge when due and payable or within sixty days thereafter, *all and every tax and taxes * * * which shall be assessed, levied or imposed * * * during* the said term." It is difficult to see how the obligation to pay all taxes assessed during the term could be more clearly expressed. Had the parties intended that such

payments should be limited and confined to taxes which should become a lien during the term the lease would have so provided, as it did respecting the liability of the lessor. In the same paragraph of the lease, which contains the covenant on the part of the lessee, the landlord agrees to pay all taxes and assessments "which may become a *lien* and charge on said premises, in the year 1901." By such covenant the landlord obligated himself to turn the premises over to the tenant free from the lien of taxes for the year 1901. The tenant, on his part, agreed to pay all taxes *assessed, levied or imposed during the term,* whether the taxes had become a lien at the expiration of the term or not. The landlord was wise in making this provision which enabled him, and not the tenant, to take advantage of changing laws relating to the assessment and payment of taxes. The amendment of the city charter which took effect January 1, 1912, changed the time of assessment to a period prior to March first and the time for levying or imposing the taxes to March, and made one-half of the taxes payable and a lien on May first; whereas, prior to such amendment all taxes were payable and a lien under the city charter on the first Monday in October. (See Greater New York Charter [Laws of 1901, chap. 466], §§ 907, 909, 911, as amd. by Laws of 1911, chap. 455; Id. § 910, as amd. by Laws of 1913, chap. 680; Id. § 914, as amd. by Laws of 1908, chap. 447; Laws of 1911, chap. 455, and Laws of 1916, chap. 17.) By the amendment of 1916 to section 914 of the city charter it was specifically provided that all taxes should be construed as and deemed to be charges on the real estate affected on the respective days when they become due and payable and not earlier. The term of the lease is fifteen years and eight months, so that the plaintiff is now able to prevent the tenant from escaping the payment of taxes for eight months of the term. The lease was for a long term, and the landlord, as above suggested, had a right to place himself in a position where he could not be harmed by ever-changing tax laws, and could himself profit thereby if opportunity afforded.

The precise question here involved was before this court in *Ogden* v. *Getty* (100 App. Div. 430), and was resolved in favor of the landlord. *Ogden* v. *Getty* has never been overruled, and the lease there considered and the one in this case

differ very materially from the lease passed upon by the Court of Appeals in *Ward* v. *Union Trust Company* (*supra*). The Ward lease ran for five years, the term commencing May 1, 1909, at noon, and ending on the 1st day of May, 1914, at noon, and contained the following covenant: " Provided always and the lessee hereby covenants to pay said rent punctually, and to pay and discharge all annual taxes as shall during said term be imposed on said premises hereby demised, as soon as they become due and payable, and to pay the Croton and all other water charges as soon as the same shall become due, and to keep said demised premises free, clear, discharged and unincumbered from all such taxes and Croton and other water charges during said term, and to put and keep the said premises in good order and repair, and in all respects promptly comply with and execute all the laws, orders and regulations of the State and municipal authorities applicable to said premises; except as hereinafter provided with respect to the widening of Fifth Avenue."

As the term expired at noon on May first, one-half of the annual taxes for the year 1914 had not only been assessed but were a lien on the demised premises when the lease expired. The court held that the lessee must pay such taxes on the ground stated in the opinion that " it is to be *assumed* that the parties thereto intended that the landlords would deliver the possession of the property to the tenant free from all general taxes that were due and unpaid, and that the tenant pursuant to its covenant would return them to the landlords at the end of the term free from general taxes then due and unpaid." The court arrived at such assumption or conclusion on account of the language used in the covenant which bound the tenant to pay " all annual taxes " and to keep the " premises free, clear, discharged and unincumbered from all such taxes * * * during said term." The court, by such assumption, having thus eliminated the question of the tenant's liability to pay the taxes which became a lien on the first Monday in October, said: " It becomes a question, therefore, whether the lessors or lessee must bear the burden of the general taxes which became *a lien* upon the demised premises *at or prior* to the *expiration* of the lease," and then held that the amendment of the city charter which took place during the term did not

affect the rights of the parties and, therefore, the lessee was liable to pay the May taxes. The principal question determined by the Court of Appeals in the *Ward* case was the effect of the amendment of the city charter upon the existing lease.

In the case at bar, however, it cannot be " *assumed* " that the lessee covenanted to pay *only* such taxes as became a *lien* during the term. He expressly covenanted otherwise, and in plain and concise words agreed to pay all taxes which should be " assessed, levied or imposed " during the term. The intention of the parties having thus been so clearly expressed, the lease here under consideration differs materially from the Ward lease.

The judgment and order appealed from should be reversed, with costs, and the verdict of the jury as originally directed by the court reinstated, with costs to the appellant.

CLARKE, P. J., and PAGE, JJ., concur; LAUGHLIN and DOWLING, JJ., dissent.

Order reversed, with costs, motion denied, verdict reinstated and judgment directed to be entered thereon, with costs.