Apex Leasing Co., Inc., Plaintiff, v. White Enamel Refriger-
ator Company, Defendant.

First Department, July 14, 1922.

Landlord and tenant — construction of lease of property in city of New
York — provision requiring tenant to pay six per cent of increase in
taxes above stated amount — tenant liable for six per cent of taxes for
year though tenancy expires before taxes became due or payable or
lien.

Under a lease of property in the city of New York requiring the tenant to pay as
rent six per cent of the increase in the amount of taxes over and above a stated
sum each year during the period of the lease, and providing that a tax bill shall
be sufficient evidence of the amount of taxes, the tenant is liable for six per cent
of the entire additional taxes imposed during the month of March, 1921, for
said year, though he gave up possession of the premises on the 30th of April,
1921, which was the last day of the term, and no part of the taxes·became due
and payable or a lien until the day after the expiration of the term, and one-half
thereof did not become due or payable or a lien until six months thereafter.
Greenbaum, J., dissents.

Submission of a controversy upon an agreed statement of facts
pursuant to section 546 of the Civil Practice Act.

*Walter H. Bond*, for the plaintiff.

*Joseph J. Myers*, for the defendant.

Laughlin, J.:

On the 21st of June, 1913, the plaintiff, by an instrument in
writing, leased to the defendant a store in the buildings known as
47–61 West Forty-second street for the period of seven years and
nine months commencing August first that year and terminating at
midnight on the 30th of April, 1921. The controversy is con-
cerning the construction of the provisions of the lease imposing upon
the tenant an obligation with respect to the payment of part of
the taxes. It is provided in the lease that the tenant shall pay rent
at the rate of $13,300 per annum from the commencement of the
term until the 30th of April, 1915, and $1,000 more per annum for
the next three years, and $15,300 for the remaining three years of
the term. The provisions of the lease with respect to the payment
of taxes by the tenant are as follows: " The tenant agrees to pay
as rent six per cent. of increase in the amount of Real Estate taxes
over and above the sum of $36,200 which may be imposed upon the
property of which the premises hereby demised are a part, in any
and every year during the period of this lease. Such amount to
be paid within five days after the amount thereof has been demanded
by the landlord and it shall be collectible as rent. A tax bill shall

be sufficient evidence of the amount of taxes and for calculation of the amount to be paid by the tenant."

No demand was made upon the tenant by the landlord for the payment of any part of the taxes imposed upon the premises for the year 1913 and the tenant paid no part thereof. Section 892 of the Greater New York charter, as amended by chapter 455 of the Laws of 1911, which is applicable to this submission, provides, in effect, that the taxable status of all persons and property assessable for taxation in the city of New York shall be fixed for each year on the first day of October in the preceding year, at which time the annual record of assessed valuation of real property and personal estate shall be open for public examination and inspection and correction, and after the expiration of the respective periods during which said records are required to remain open, there is imposed upon the board of taxes and assessments the duty of preparing assessment rolls of the several boroughs for delivery to the board of aldermen; and section 907 of the charter (Laws of 1901, chap. 466, as amd. by Laws of 1911, chap. 455), which thus requires the preparation of the assessment rolls, also requires the board of taxes and assessments to certify and deliver the assessment rolls to the board of aldermen on the first day of March in each year, with certain exceptions not applicable to this submission. Sections 909 and 910 (as respectively amd. by Laws of 1911, chap. 455, and Laws of 1913, chap. 680) require the board of aldermen and its president in its name and as its act, on information transmitted to it by the comptroller as provided in section 900 (as amd. by Laws of 1911, chap. 455; Laws of 1912, chap. 6, and Laws of 1914, chap. 451), to determine, impose and assess the proper proportionate amount required to be assessed by taxation against the several parcels of real estate, and section 911 (as amd. by Laws of 1911, chap. 455) requires the board of aldermen to cause the assessment rolls for each borough, when corrected and finally completed, or a fair copy thereof, to be delivered to the receiver of taxes on or before the twenty-eighth of March, with the proper warrant or warrants annexed, directing and requiring him to collect the taxes. Section 914 (as amd. by Laws of 1911, chap. 455, and Laws of 1916, chap. 17) requires the receiver of taxes to give public notice for at least five days, as therein provided, that the assessment rolls have been delivered to him, and that one-half of the taxes upon real estate shall be due and payable on the first day of May and the remaining half on the first day of November thereafter; and provides that the taxes on the real estate shall be and become liens and shall be construed as and deemed to be charges thereon on the respective days when they become due and payable and not earlier.

The submission shows that during the month of March, 1921, there was duly imposed by the city upon the premises, of which the demised premises were a part, taxes in the amount of $74,790; that the defendant surrendered possession and the plaintiff accepted possession of the premises on the 30th of April, 1921, which was the last day of the term; that on the 25th of April, 1921, plaintiff demanded payment by the defendant within five days of the sum of $2,315.40, which is six per cent on the difference between the amount of taxes so imposed for the year 1921 and $36,200; and that the defendant failed and refused to pay the same.

Plaintiff contends that, since the entire amount of the taxes for the year 1921 was imposed on the premises during the term of the lease, defendant is liable under its covenant for six per cent on the amount thereof over and above $36,200, notwithstanding the fact that no part of the taxes became due and payable or a lien until the day after the expiration of the term, and one-half thereof did not become due or payable or a lien until six months thereafter. The defendant contends that, in view of the provisions of the covenant requiring it to pay the taxes as rent, it is only liable for a proportionate part of the taxes for the four months of the tax year during which it occupied the premises.   Under the recent decision in *Wall* v. *Hess* (232 N. Y. 472, affg. the decision of this court in 194 App. Div. 456) the general provisions of the covenant plainly obligated the defendant to pay the specified percentage on the amount of the taxes over $36,200 for the entire year of 1921, regardless of whether such construction would render the tenant liable for taxes for a longer period than it occupied the premises, for it was there held that a covenant to pay and discharge, when due and payable, all taxes assessed, levied or imposed during the term, obligated the tenant to pay the taxes imposed, as here, not only prior to the thirtieth day of April, on which the lease expired, but for the entire calendar year, notwithstanding the fact that, as here, no part of the taxes became due or payable or a lien until the day after the expiration of the term, and one-half thereof did not become due or payable or a lien until six months thereafter.   In *Ward* v. *Union Trust Co.* (224 N. Y. 73) the Court of Appeals, however, reversed this court (172 App. Div. 569), and, as explained in *Wall* v. *Hess* (*supra*), construed a general covenant, in effect the same as the one now under consideration, as obligating the tenant to pay only taxes that became due and payable during the term; but controlling consideration in giving that construction was the fact that the lease there in question, unlike that now under consideration, imposed upon the tenant the duty to keep and surrender the premises free from tax liens, and, therefore, it was held that

the tenant was liable for only one-half of the taxes for the year during which the lease expired, for the reason that only one-half thereof became due and payable during the term. I am of opinion that the provisions obligating the tenant to make this payment as rent and providing that it shall be collectible as rent and that a tax bill shall be sufficient evidence for the calculation of the amount to be paid by the tenant, are insufficient to render the decision in *Wall* v. *Hess* (*supra*) inapplicable. It is perfectly plain that it was not contemplated that the amount of taxes for which the tenant was to be liable each year should be apportioned according to the periods for which rent became due and payable, but that the entire amount for which the tenant was liable for taxes was to be due and payable within five days after demand therefor by the landlord. As I construe the lease, it was merely intended, by providing that this should be deemed rent and collectible as such, to afford the landlord an additional remedy to enforce payment thereof by adding it, if he so elected, to the rent next falling due thereafter and summarily dispossessing the tenant in the event of failure to pay the same.

I am, therefore, of opinion that on the authority of *Wall* v. *Hess* (*supra*) and *Ogden* v. *Getty* (100 App. Div. 430) the defendant is liable for six per cent of the amount of taxes for the entire year of 1921 over and above $36,200 which entitles plaintiff to judgment against the defendant for $2,315.40, together with interest thereon from the 25th day of April, 1921; but in the circumstances I think no costs should be imposed upon the defendant.

CLARKE, P. J., DOWLING and SMITH, JJ., concur; GREENBAUM, J., dissents.

Judgment ordered for plaintiff as stated in opinion, without costs. Settle order on notice.