R. A. MANNING REALTY CORPORATION, Respondent, *v.* TOPPING BROTHERS, Appellant.

Supreme Court, Appellate Term, First Department, April, 1923.

Landlord and tenant — construction of lease — covenant of tenant to pay all taxes imposed during the term does not include payment of taxes not due until after expiration of lease.

Where the words of a lease are capable of two constructions the court must accept that construction which the parties themselves have placed upon it.

Though the lessee under a lease for a term commencing May 1, 1917, and ending April 30, 1922, covenanted to pay and discharge all taxes " imposed on said premises during the said term as soon as they become due and payable," it did not pay the taxes which became due and payable on May 1 and November 1, 1922. Upon the trial of an action on the covenant brought by the grantee of the premises from the original lessor defendant showed that at the request of the original lessor it paid the taxes for 1917, which became due and payable in May and November of that year, and also paid the taxes for the years 1918, 1919, 1920 and 1921. The trial justice directed a verdict in favor of plaintiff upon the ground that defendant under its covenant was required to pay, after the expiration of the lease, taxes which had been imposed during the term. Upon reversing the judgment entered upon such verdict and dismissing the complaint, with costs, *held*, that the plain inference to be drawn from the acts of the original parties to the lease was that they intended that the tenant should pay during the term of the lease all taxes imposed as soon as they became due and payable.

*Wall* v. *Hess*, 232 N. Y. 472, distinguished.

APPEAL by defendant from a judgment in favor of the plaintiff, entered in the City Court of the city of New York, on a direction of a verdict by the court.

*Breed, Abbott & Morgan* (*Edward J. Redington,* of counsel), for appellant.

*Charles Fredericks,* for respondent.

LEHMAN, J. The 2d day of November, 1916, the defendant entered into an agreement of lease in writing for premises in the city of New York for a period of five years commencing on the 1st day of May, 1917, and terminating on the 30th day of April, 1922. The written lease contains a provision " that the said lessee hereby further covenants that it will pay and discharge all

taxes, assessments and other charges imposed on said premises during the said term as soon as they become due and payable." The defendant did not pay taxes which became due and payable on May 1 and November 1, 1922, after the expiration of its term, and the plaintiff, who purchased the premises during the term from the original lessor, has recovered a judgment for the amount of these taxes.

The only question involved in the case is the proper construction of the clause of the lease quoted above which requires the tenant to pay all taxes, assessments and other charges " imposed on said premises during the said term as soon as they become due and payable." It is the contention of the plaintiff that the defendant promised to pay all taxes and assessments *imposed during* the term of the lease even though such taxes became due and payable only after the expiration of the term, while it is the defendant's contention that it was required to pay all taxes during the term of the lease as soon as they became due and payable regardless of when the actual levy was made and that it was not required to pay any taxes imposed, levied or assessed during the term which became due and payable thereafter. The result of plaintiff's construction of the lease would be that the tenant could not be required to pay any taxes during the first year of its occupation because all taxes becoming due during the first year were imposed, levied and assessed prior to the beginning of the term and not during the term, but would be required to pay taxes for a year after the expiration of the term; while the defendant's construction would require the tenant to pay all taxes during the term of its occupation. It would seem that the construction placed upon the lease by the defendant would be more in accord with ordinary business practice; and in addition, the defendant has shown that it did pay at the request of the original lessor the taxes for the year 1917 which became due and payable in May and November of that year and also paid the taxes for the years 1918, 1919, 1920 and 1921.

In spite of the fact that under the lease the defendant was required to pay only, either (1) the taxes which were imposed, levied and assessed during the term regardless of when they became due and payable, or (2) the taxes which became due and payable during the term regardless of when they were levied or assessed, and in spite of the fact that it is undisputed that the defendant has at the request of the lessor paid the taxes in accordance with the second alternative, the trial judge has granted judgment in favor of the plaintiff which if sustained will compel the defendant to

38

pay the taxes for a sixth year, though under no possible construction of the lease can it be contended that the tenant is liable for more than the taxes imposed or becoming due during five years. Such a decision is justified only if the language of the lease is so clear and unambiguous that it becomes evident that there is no room for reasonable difference of opinion as to the meaning of the words of the lease and that, therefore, the payment of taxes during the year 1917 must be regarded as made because of a mistake of the parties to the lease as to what the lease contained rather than under a practical construction by the parties of the actual language of the lease. Undoubtedly the tax which became payable in May and November, 1922, was imposed, levied and assessed prior to that date and during the term of the lease, and an absolute promise to pay all taxes which may be imposed during the term would include this tax (See *Apex Leasing Co.* v. *White Enamel R. Co.*, 202 App. Div. 354); but in this case the promise is to pay and discharge all taxes " imposed on said premises during the said term as soon as they became due and payable," and the question is whether the parties intended by these words, " as soon as they became due and payable," merely to fix the time of payment or whether they were also to constitute a limitation on the words " all taxes  *  *  *  imposed during said term," construing the word " imposed " in a purely passive and past sense as referring to any taxes in regard to which the levy, assessment or imposition is complete during the said term and not in the future sense of taxes which shall or may be imposed during the term.

The learned trial justice in reaching his conclusion that the tenant was required to pay after the expiration of his term taxes which had been imposed during that term, relied upon the authority of the case of *Wall* v. *Hess*, 232 N. Y. 472, but in my opinion that case is clearly distinguishable. The court had before it for construction a lease which contained a clause whereby the tenant agreed to " *pay and discharge when due and payable or within sixty days thereafter*, all and *every tax and taxes*, Croton water or other water rates, charges for placing, replacing or repairing water meters upon said premises, rents, charges, assessments, duties and other impositions whatsoever, as well ordinary as extraordinary, *which shall be assessed, levied or imposed upon the said premises, or any part thereof*, by any government, power or authority whatsoever *during the said term*," and by a division of four judges to three the court held that the tenant was bound to pay after the expiration of his term all taxes which had been imposed during the term. It must be remembered that the courts always attempt to construe leases in accordance with the intention of the parties, and a construction

by the court of the language in one lease may be a very dangerous guide to the ascertainment of the intention of the parties in using similar but not identical language in another lease perhaps made under different circumstances. All the Court of Appeals passed upon in that case was the intention of the parties to the lease there under consideration, and in view of the fact that three judges dissented, it can hardly be said that the meaning of the lease was free from doubt or that similar language used under different circumstances could not reasonably be given the opposite construction which was in fact placed upon it by three out of seven judges of the highest court of this state. It is significant also that in the case of *Ward* v. *Union Trust Co.*, 224 N. Y. 73, the Court of Appeals interpreted similar words in a lease in accordance with the contention now raised by this defendant, and though the majority of the court subsequently explained in the *Wall* case that their decision in the earlier case was due to the inclusion of particular words which might differentiate that lease from the one now under consideration, yet a minority of the court in the same case indicated that their concurrence in the earlier opinion was not induced by these words. In any event, regardless of the reasoning by which the court reached its conclusion in the *Ward* case, the important fact is that the court did reach a decision that even a promise " to pay and discharge all annual taxes *as shall during said term be imposed* on such premises hereby demised as soon as they become due and payable " need not in all cases be construed as including all taxes which were levied and assessed during the term, but the construction depends upon the intent of the parties.

It cannot be disputed that the court must endeavor to construe the lease in accordance with the intent of the parties, and that if the words of the lease are capable of two constructions, the court must accept that construction which the parties themselves have placed upon it. The acts of the original parties to the lease lead to the plain inference that they intended that the tenant should pay during the said term all taxes imposed as soon as they became due and payable. It seems to me that when the judges of the highest court of this state show an almost even division as to the proper construction of a somewhat similar phrase in another lease, the mere fact that a majority of the court has held that in the particular lease then under consideration the parties intended by the words " all and every tax * * * which *shall be* assessed, levied or imposed upon the said premises or any part thereof by any government, power or authority whatsoever during the said term " to include all taxes which were thereafter so assessed,

levied or imposed regardless of whether they became due and payable during the said term, cannot bind us to hold that even those words under other circumstances would not be capable of the construction placed upon them by a minority of the court, and *a fortiori* cannot bind us to hold that a construction of the words of the present lease in accordance with the indicated intention of the parties in the making of that lease is unreasonable.

For these reasons the judgment should be reversed, with costs to appellant, and the complaint dismissed, with costs.

LYDON and BURR, JJ., concur.

Judgment reversed.