LOUIS LEWIS, Respondent, *v.* HENRY PETERSEN and Another, Appellants.

Second Department, November 21, 1924.

**Vendor and purchaser — vendor agreed to pay all taxes and assessments levied and imposed before sale — warrant for collection of sewer and street assessments was not delivered to city treasurer until after sale — vendor not required to pay said assessments.**

The vendor of property who agreed to pay all taxes and assessments levied and imposed on the property prior to the sale, is not required, under the contract, to pay assessments for sewers and for street grading and paving which were

confirmed prior to the sale, where the warrant for their collection was not delivered to the city treasurer until after the sale; said assessments were not levied or imposed until the issuance of the warrants to the proper officer for their collection.

APPEAL by the defendants, Henry Petersen and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 21st day of February, 1924, upon the decision of the court rendered after a trial at the Nassau Special Term.

Plaintiff brought this action to recover deposits made by him on account of the purchase price of ten lots situated at Long Beach, Nassau county, N. Y. At an auction sale conducted by Joseph P. Day, Inc., on September 2, 1922, he bid in the ten lots for the sum of $13,750. He paid on account at the time of the sale the sum of $1,375, together with an auctioneer's fee of $150. He paid $1,375 additional on October 9, 1922, making a total payment of $2,900. The terms of sale, embodying the contract between the parties, so far as they are material to the controversy, provide as follows: " The purchaser assumes payment of all taxes and assessments levied on said property from the date of the auction sale. * * * *Seventh*. Policies of Title Insurance will be issued free to the purchasers by the Title Guarantee & Trust Company, free from incumbrances excepting the covenants and incumbrances hereinafter mentioned, *and taxes and assessments levied and imposed on the property subsequent to the date of the auction sale."* At a meeting of the parties convened for the purpose of closing the title, the representative of the title company informed the plaintiff of the existence of certain assessments, aggregating $759.20, against which his company would not insure. The closing was adjourned twice, but the parties were unable to come to an agreement, the plaintiff demanding that defendants convey free and clear of the assessment in question, and upon the defendants' refusal, this action was instituted.

It is undisputed that the assessments for sewers and for street grading and paving were confirmed August 1, 1922, but the warrant for their collection was not delivered to the city treasurer of the city of Long Beach until November 15, 1922. By the terms of the charter (Laws of 1922, chap. 635, §§ 107, 120) they were due and became a lien on December 1, 1922, although payable in four installments. Plaintiff by the terms of sale assumed the payment of all taxes and assessments levied and imposed on said property from the date of the auction sale, viz., September 2, 1922, and the title company policy to be issued, it was provided, was to be free and clear of all incumbrances, except the covenants and

incumbrances thereinafter mentioned and " taxes and assessments levied and imposed on the property subsequent to the date of the auction sale." The only question presented for our determination relates to whether or not the assessments in question were levied and imposed prior or subsequent to September 2, 1922.

*David Michelsohn* [*John M. Detjen* and *Milton Dammann* with him on the brief], for the appellants.

*Ira Skutch* [*Robert C. Roy* and *Wilbur C. Davidson* with him on the brief], for the respondent.

RICH, J.:

The learned Special Term in an oral opinion has held that the assessments were levied and imposed prior to the date of the sale and has directed judgment for the plaintiff. In this he erred. The rule is well established that taxes or assessments are not considered as *levied* or *imposed* until the issuance of the warrants to the proper officer for their collection. (*Ogden* v. *Getty*, 100 App. Div. 430; *Coudert* v. *Huerstel*, 60 id. 83, 85; *Wall* v. *Hess*, 232 N. Y. 472; *Apex Leasing Co., Inc.,* v. *White Enamel R. Co.,* 202 App. Div. 354.) The warrant for the collection of the assessments in the case at bar was not delivered to the city treasurer until *November 15, 1922*, when they were *levied* and *imposed*. It follows that plaintiff was required to accept the title, to which no other objection was offered, subject to these assessments.

The judgment should, therefore, be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs. Findings of fact 17 and 19 and conclusions of law 1, 2 and 3 should be reversed, and defendants' proposed findings of fact 13, 14, 15, 16, 17, 18, 19 and 20 and conclusions of law 1, 2 and 3 found.

KELLY, P. J., JAYCOX, KELBY and YOUNG, JJ., concur.

Judgment reversed on the law and facts, with costs, and complaint unanimously dismissed, with costs. Findings of fact 17 and 19 and conclusions of law 1, 2 and 3 reversed, and defendants' proposed findings of fact 13, 14, 15, 16, 17, 18, 19 and 20 and conclusions of law 1, 2 and 3 found.