BRECHER *v.* 11 WEST 42D ST., INC.     329

Misc. 329]     City Court of New York, New York County, May, 1928.

---

ISADORE BRECHER, Plaintiff, *v.* 11 WEST 42D ST., INC., Defendant.

City Court of New York, New York County, May 26, 1928.

**Landlord and tenant — lease — lease provided that tenant was to pay fifty per cent of increase in amount of real estate taxes for land and building on which premises were part " in any and every year " during period of lease — plaintiff vacated premises in June, 1926, at request of landlord — tenant was required to pay taxes levied for entire year — fact that lease was terminated three months after taxes were imposed does not alter lease.**

This is an action for the construction of a provision in a lease of premises by which plaintiff, as tenant, agreed to pay fifty per cent of the increase in the amount of real estate taxes above those assessed in 1921 for land and building of which the premises leased were a part " in any and every year during the period of this lease." One-half of the taxes were to be paid within five days after demand, as rent, and the balance on November first of each year during the term. Plaintiff went into possession on March 1, 1922, for a term expiring February 28, 1927, but vacated the premises on or before June 24, 1926, at defendant's request, and under the terms of the lease.

In the absence of any agreement to pay any proportionate amount, plaintiff must be held to his unqualified promise to pay the taxes levied for the entire year,

notwithstanding the fact that the lease was terminated in June, 1926, three months after the taxes were imposed.

The fact that the lease was terminated at the request of the landlord does not save plaintiff, for the proof shows that the surrender by the tenant and the acceptance by the landlord were by mutual agreement, the tenant receiving a return of the proportionate amount of the security deposited.

MOTION by plaintiff for judgment on the pleadings in an action involving the construction of the provision of a lease as to the payment of taxes.

*Boskey, Schiller, Marvin & Serling,* for the plaintiff.

*Bond & Babson,* for the defendant.

RYAN, J. Plaintiff moves for judgment on the pleadings. Briefly, the facts stated are as follows: The plaintiff was a tenant of the defendant landlord under a lease dated May 20, 1921, which commenced on the 1st day of March, 1922, and expired on the 28th day of February, 1927. Under said lease there was an option granted to the landlord to terminate the lease upon paying to the tenant the sum of $10,000 and the tenant was to vacate and surrender possession. The landlord exercised this option eight months prior to the expiration of the lease and paid to the tenant the sum of $10,000 and the tenant vacated the premises on or before June 24, 1926. The tenant had previously had on deposit as security with the landlord the sum of $5,000 and it was provided that the tenant was to receive interest at the rate of four and one-half per cent per annum. The landlord returned to the tenant part of the security, after making deductions for adjustments, and retained the sum of $1,076.87, without prejudice to any of the rights or remedies which the plaintiff might have. The landlord withheld these moneys under the following clause: " The tenant further agrees to pay 50 per cent of the increase in the amount of real estate taxes above those assessed for the year 1921 against Lot No. 21, Block No. 1258, for land and building, of which the demised premises are a part, which may be laid, assessed or imposed upon the said property in any and every year during the period of this lease. One-half of such amount shall be paid within five days after the same has been demanded by the landlord, and it shall be collectible as rent. The balance shall be paid on November 1 next following thereafter, and it shall be collectible as rent. A tax bill shall be sufficient evidence of the amount of taxes and for calculation of the amount to be paid by the tenant." It is the contention of the defendant landlord that the plaintiff, tenant, having been obligated to pay a proportionate share of the increase of taxes should pay for the full year. The sum of money sued for herein represents the second

BRECHER *v.* 11 WEST 42D ST., INC.          331

Misc. 329]     City Court of New York, New York County, May, 1928.

half year's increase in taxes which the landlord claims it rightfully retains, the landlord having also deducted the first half's increase of taxes from plaintiff's security. It is the tenant's contention, however, that he in no event was obligated to pay more than the proportionate share of the increase in the taxes up to the time that he vacated and surrendered possession of the premises, to wit, June 24, 1926. The option was exercised by the landlord terminating the tenancy without the solicitation or the procurement of the tenant. A question of law as to the intention of the parties in the construction of this clause is thereby created which should be received by this court. The question presented is, therefore, one of law involving the construction of the clause in the lease above set forth. Plaintiff contends that inasmuch as the lease was terminated at the option of the defendant without the procuring or solicitation of the plaintiff and inasmuch as the plaintiff vacated and surrendered possession of the premises on June 24, 1926, he should not be required under the terms of the lease to pay more than his proportionate share, to wit, fifty per cent of the increase of real estate taxes from January 1, 1926, to June 1, 1926. By the clause in question the tenant agreed to pay fifty per cent of the increase in the amount of real estate taxes above those assessed in 1921 against the premises in question " which may be laid, assessed or imposed upon said property in any and every year during the period of this lease," and it then provided when and how such increase was to be paid. That real estate taxes in the borough of Manhattan are assessed and imposed in March of each year is common knowledge. The promise of the tenant was to pay the taxes laid, assessed or imposed in any and every year, one-half within five days after demand, and the balance on November first, following. The taxes over which this dispute has arisen were levied in March, 1926, for that year. There was no agreement to pay any proportionate amount, but an unqualified covenant to pay the taxes levied for the year in the manner stated. The fact that the lease was terminated on June 24, 1926, three months after the taxes were imposed, does not alter the covenant. The language employed in the covenant in question is unequivocal as to what the tenant agreed to do and what the landlord had a right to expect him to do. Nor does the fact that the lease was terminated at the request of the landlord enter into the determination of the issue involved, for the facts disclose that the surrender by the tenant and the acceptance by the landlord were by mutual agreement, the tenant receiving a return of a proportionate amount of the security deposited. It seems to me that the law on the question here involved has been settled by our appellate courts.

In *Apex Leasing Company* v. *White Enamel R. Company* (202 App. Div. 354) the covenant in the lease out of which that controversy arose was substantially like the one in the instant case. There the tenant agreed to pay as rent six per cent of increase of taxes which may be imposed in any and every year during the period of the lease. There the lease expired on April 30, 1921, and the defendant contended that " in view of the provisions of the covenant requiring it to pay the taxes as rent, it was only liable for a proportionate part of the taxes." The court, citing *Wall* v. *Hess* (232 N. Y. 472), said: " The general provisions of the covenant plainly obligated the defendant to pay the specified percentage on the amount of the taxes over $36,200 for the entire year of 1921, regardless of whether such construction would render the tenant liable for taxes for a longer period than it occupied the premises, for it was there held that a covenant to pay and discharge, when due and payable, all taxes assessed, levied or imposed during the term, obligated the tenant to pay the taxes imposed, as here, not only prior to the thirtieth day of April, on which the lease expired, but for the entire calendar year, notwithstanding the fact that, as here, no part of the taxes became due or payable or a lien until the day after the expiration of the term, and one-half thereof did not become due or payable or a lien until six months thereafter." In view of the foregoing the motion is denied. Order signed.