THE BIG FOUR REALTY CORPORATION, Respondent, *v.* BELNORD GARAGE, Appellant.

Supreme Court, Appellate Term, First Department, August 26, 1931.

*House, Grossman & Vorhaus* [*Louis J. Vorhaus* of counsel], for the appellant.

*Baker & Obermeier* [*Alvin S. Rosenson* of counsel], for the respondent.

FRANKENTHALER, J. The question presented upon this appeal is whether the defendant, appellant, is liable to the plaintiff for real estate taxes assessed and imposed on March 3, 1930, upon premises then occupied by the former as assignee of the original lessee. The lease of which the defendant, appellant, was assignee was dated February 25, 1909, and was for a term of twenty-one years from the 1st day of May, 1909, " to be fully completed and ended on the First day of May in the year one thousand nine hundred and thirty." It contained a provision obliging the tenant to pay " all such duties, taxes, assessments and payments, extraordinary as well as ordinary, *as shall during the term hereby granted, be imposed* or grow due and payable." (Italics mine.) In *Ogden* v. *Getty* (100 App. Div. 430) the lease required the tenant to pay " such taxes as should, during the said term be laid, levied, assessed or imposed on or grow due or payable," language virtually identical with that contained in the instant lease, and the court held that the tenant was obliged to pay taxes which were imposed during the term of the lease although they did not become due or payable and were not a lien until after the expiration of the lease. In *Apex Leasing Company, Inc.,* v. *White Enamel R. Co.* (202 App. Div. 354) it was held, following the rule of the *Ogden Case* (*supra*), that a covenant to pay a specified percentage of an increase in taxes which might be imposed during the period of the lease rendered the tenant liable in connection with taxes imposed prior to the expiration of the lease on April thirtieth, although they did not become due or payable until May first and November first of the same year. The *Ogden Case* (*supra*) was also expressly cited with approval by the Court of Appeals in the leading case of *Wall* v. *Hess* (232 N. Y. 472).

Such cases as *Ward* v. *Union Trust Company* (224 N. Y. 73) and *Manning Realty Corporation* v. *Topping Bros.* (120 Misc. 592; affd., 207 App. Div. 852) are distinguishable. In the former the covenant was one to pay all taxes imposed during the term *as soon as they become due and payable,* and to keep the premises free, clear and unincumbered from such taxes during the term. The tenant was held liable only for the taxes which became a lien on the morning of May first, the last day of the lease, and not for those which became a lien on the following November first. In the later case of *Wall* v. *Hess* (*supra*), *although the covenant was one to pay the*

*taxes imposed during the term when they became due and payable or within sixty days thereafter,* the tenant was held liable for the taxes imposed prior to the expiration of the lease which did not become due and payable until after the lease had ended. The dissenting opinion in that case emphasizes the provision that the taxes were only to be paid when due and payable, and a reading of the dissenting opinion would seem to indicate that were it not for the presence of that provision there would have been no dissent from the majority view. In the *Manning Case (supra)* the covenant was to pay all taxes and assessments imposed during the term " as soon as they become due and payable." The opinion of Mr. Justice LEHMAN (see p. 594) expressly recognizes the rule of the *Apex Case (supra)* but distinguishes that case, emphasizing the absence, from the lease there under consideration, of language qualifying the covenant by requiring the tenant to pay only as the taxes became due and payable. Had the lease in the *Manning* case not contained this qualifying language it is fairly certain that the court's decision would have been in favor of the landlord.

As the lease in the instant case contains language identical in all material respects with that used in the leases in the *Ogden* and *Apex Cases (supra)* and fails to employ any language regarding the time of payment similar to that seized upon in the *Manning Case (supra)* and in the dissenting opinion in the *Wall Case (supra)*, as a basis of distinction, it is my opinion that the *Ogden* and *Apex* cases are controlling here.

As to the claim of the defendant that its liability on the tax covenant is a question of intention, it need only be stated that there is nothing in the record to indicate the existence of an intention contrary to that which was held to be present under similar circumstances in the *Ogden* and *Apex* cases.

For the foregoing reasons I am of opinion that the defendant, who was concededly in possession as assignee on March 3, 1930, when the taxes for that year were assessed and imposed, became liable to pay them. It is immaterial, therefore, whether the lease expired on April thirtieth or on May first. I do not think, however, that the lease here came to an end on April thirtieth in view of its express provision that the term was " to be fully completed and ended *on* the first day of May." (Italics mine.) Cases relating to the construction of leases for a specified period of years from a given date, which do not, however, state the expiration date, are, of course, distinguishable, as are cases where the leases provide for terms " *until* " or " *to* " a given termination date. Here the lease specifically stated that the lease was to expire *on* May first. This does not mean April thirtieth. If it is necessary to reconcile

or harmonize the provision for a term of twenty-one years with the expiration date, this may be done either by taking the view that the lease here did not begin until May 2, 1909, or else that it ran from noon on May 1, 1909, to noon on May 1, 1930.

Where a lease runs from May 1, 1909, for a specified period of years, *and does not mention the date of termination*, the question of whether May 1, 1909, is to be included or excluded from the reckoning may be determined by considering whether the tenant was to pay rent from the 1st day of May, 1909, or from the 2d of May, 1909. If the former, this would tend to indicate that the lease expired on April 30, 1930. Here, however, the termination date is expressly given as May 1, 1930, and not April 30, 1930. There is accordingly no room for resorting to indicia as to the intention of the parties. The express language of the lease controls. The case of *Barker* v. *Hawk* (189 App. Div. 266) appears to be authority for the proposition that the lease here expired on May first and not on April thirtieth. (See, also, *People* v. *Robertson*, 39 Barb. 9.)

Judgment and order affirmed, with costs, with leave to defendant to appeal to the Appellate Division.

UNTERMYER, J., concurs.

CALLAHAN, J. (dissenting). I dissent on the ground that the construction of the clause in the lease with respect to 1930 taxes involves a question of fact as to the intention of the parties in view of the language of the lease, the construction placed by the parties on the overlapping lease and the other surrounding circumstances.