McKINLEY REALTY AND CONSTRUCTION COMPANY, Landlord, *v.*
MAX ROSENBLUM and Others, Tenants.

Municipal Court of New York, Borough of Manhattan, Ninth District,
December 15, 1933.

*Schiff, Dorfman & Stein*, for the landlord.

*Henry I. Fillman*, for the Marleah Realty Corporation.

*Jerome Eisner* [*Jerome A. Eisner* of counsel], for D. A. Schulte, Inc.

ROSALSKY, J. By consent the landlord takes a final order for possession of the premises described in the petition for non-payment

of rent for the months of October, 1933, and November, 1933. There was reserved, however, for decision questions arising upon the landlord's demand for a money judgment. Personal service of the petition and precept was made only upon Marleah Realty Corporation and D. A. Schulte, Inc.

Max Rosenblum was the tenant in a lease dated April 2, 1921, for a term commencing May 1, 1921, and terminating April 30, 1943, at a fixed rental. On January 13, 1926, the tenant sublet the premises to D. A. Schulte, Inc., for a term commencing May 1, 1927, and expiring " at 12:00 o'clock noon " on April 30, 1943, at a different rental, " reserving unto the landlord room in the cellar located in the rear of the boiler room, about 10' x 15'." On October 9, 1933, the assignee of Rosenblum assigned the lease dated April 2, 1921, to Marleah Realty Corporation.

It is conceded that Marleah Realty Corporation is liable for the rent of November, 1933. Is the landlord entitled to a money judgment against Marleah Realty Corporation for any part of the rent of October, 1933? The liability of D. A. Schulte, Inc., depends upon the solution of the inquiry whether the agreement of January 13, 1926, constituted an assignment of the main lease, or a sublease. If an assignment, then the landlord is entitled to a money judgment against D. A. Schulte, Inc., for the unpaid rent of October, 1933, and November, 1933. If a sublease, then the landlord cannot hold it so liable.

That branch of the Real Property Law dealing with landlord and tenant is technical. It depends, in many cases, upon the method of creating the conventional relationship, its existence, and the nature and character of the covenants, in the case of written agreements, upon which the parties are to be governed.

A calendar day " includes the time from midnight to midnight " (Gen. Const. Law, § 19.) Hence, the term of the main lease would expire at midnight on April 30, 1943. (*People ex rel. Elston* v. *Robertson*, 39 Barb. 9; *Barker* v. *Hawk*, 189 App. Div. 266, 269; *Big Four Realty Corp.* v. *Belnord Garage*, 141 Misc. 472, 475; affd., 235 App. Div. 672; 2 McAdam Land. & Ten. [3d ed.] 928.)

The lease from Rosenblum to D. A. Schulte, Inc., limited to expire at twelve o'clock noon, thereby reserved to Rosenblum twelve hours of the term.

The landlord concedes that where the reservation has been made for at least one full day, the second agreement constitutes a sublease and not an assignment. But it contends that where both leases are made to expire on the same day, the matter of twelve hours' difference is unimportant. This contention is unsound. The parties by design had the right so to contract as to prevent

D. A. Schulte, Inc., becoming liable for the rent to the main landlord. (*Davis* v. *Morris*, 36 N. Y. 569, 575.) This reservation of time, no matter how small, by the lessee, constitutes an undertenancy, and not an assignment of the main lease. (*Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601, 607.) Merely because the parties denominated their agreement a sublease would not make it so, if in fact it were an assignment. If a lessee, by any instrument whatever, whether reserving conditions or not, parts with his entire interest, he has made a complete assignment. If he retains a reversion in himself, he has made a sublease. The distinction has often been pointed out. (*Bedford* v. *Terhune*, 30 N. Y. 453, 457; *Post* v. *Kearney*, 2 id. 394; *Herzig* v. *Blumenkrohn*, 122 App. Div. 756; *Sandford* v. *Ambassador Restaurant Co., Inc.*, 139 Misc. 3.)

Marleah Realty Corporation did not acquire Rosenblum's interest in the lease dated April 2, 1921, until October 9, 1933. As such assignee it is liable only for rent which falls due under the lease after the assignment. There can be no recovery against it for rent which became payable before the assignment, even though it were payable in advance for a period within which the assignment was made. (*Wolf* v. *Gluck*, 24 Misc. 763). In 1 McAdam on Landlord and Tenant ([3d ed.] 807) the learned author says: " But if the rent is payable monthly in advance — on the first day of June for example — and the assignee takes possession June 2, and gets out of possession before July 1, when the July rent becomes due, he is not personally liable for the rent, as no rent became payable according to the terms of the lease during his occupancy."

Rosenblum reserved to himself a portion of the premises let in the main lease; also, rent at a different rate in the lease to D. A. Schulte, Inc., from that fixed in the original lease, a right of re-entry on non-payment and breach of other conditions, and provided for a surrender of the premises on the expiration of the term. There was thus no assignment of the main lease. (*Ganson* v. *Tifft*, 71 N. Y. 48, 54, 55, explaining *Woodhull* v. *Rosenthal*, 61 id. 383; *Murdock* v. *Fischel*, 67 Misc. 122, 123.) The landlord is a stranger to the sublease. There is no authority which allows the landlord to collect any other sum than the rent which it itself contracted to receive in the main lease.

Petitioner is awarded a money judgment against Marleah Realty Corporation for $2,041.67 as rent for November, 1933. By reason of D. A. Schulte, Inc., being a subtenant, petitioner as the main landlord cannot have a money judgment against D. A. Schulte, Inc.