In the Matter of the Judicial Settlement of the Intermediary Account and Proceedings of HILDA O. SEIGLE and JULIUS ROTHSCHILD, as Executors of the Estate of WILLIAM R. SEIGLE, Deceased. ELIZABETH SMOOT SEIGLE, Appellant; HILDA O. SEIGLE and JULIUS ROTHSCHILD, as Executors of the Estate of WILLIAM R. SEIGLE, Deceased, and BURTON C. MEIGHAN, JR., as Special Guardian for JEAN SEIGLE and Others, Infants, Respondents.— A decree of the Surrogate's Court, Westchester County, settling the account of executors is appealed from in so far as it directs deduction of $1,062.26 from the amount due appellant from the estate and dismisses objections of appellant to rejection of her claims for the value of stock alleged to have been the subject of a gift *inter vivos* from the decedent during his lifetime and upon a promissory note made by decedent to the order of appellant in the sum of $7,500. Decree modified on the law and the facts by striking out the provisions deducting the sum of $1,062.26 from the amount due appellant; and further modified so as to provide for a disposition of the claim of appellant upon the promissory note for $7,500 (striking out all reference thereto from the recital), and proceeding remitted to the Surrogate's Court for rehearing and determination of the issues presented by the objections as to those items and for the making of a new decree in accordance therewith, with costs to appellant, payable out of the estate. There could be no proportionate recovery by the estate of taxes paid by the decedent when due in accordance with his obligation as contained in the written agreement of January 17, 1935. This obligation prevailed during the use and occupation of the described real property and has no relation to the manner in which the use and occupation of the premises might be terminated. (*Wall* v. *Hess*, 232 N. Y. 472; *Moller* v. *Peoples National Bank*, 258 id. 373; *Apex Leasing Co., Inc.*, v. *White Enamel R. Co.*, 202 App. Div. 354.) There is, however, no proof or concession of the time when the claimed taxes fell due. Furthermore, the amount of $1,062.26 is composed in part of an attempted apportionment of insurance, which presents a somewhat different question in that that apportionment would depend upon an agreement of the appellant to pay for the unexpired term of the insurance as an alternative to cancellation of the insurance by the executors upon termination of use and occupation. The admission in evidence of an assortment of checks in various amounts and ranging over a period of nearly a year and a half did not in and of themselves

create a presumption of payment of the promissory note of $7,500, even though the checks total that amount. There is no showing of any relationship between the note and the checks. For aught that appears, the executors arbitrarily selected the checks in question from payments made by decedent to the appellant, inclusive of payments made in accordance with the separation agreement. The determination of the surrogate that the paper writing delivered on December 25, 1930, did not constitute a gift *inter vivos* was correct as there was no delivery of the stock and the paper on its face showed that delivery was to be made in the future. (*Vincent* v. *Rix*, 248 N. Y. 76; *Matter of Van Alstyne*, 207 id. 298; *Frick* v. *Cone*, 160 Misc. 450; affd., 251 App. Div. 781.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [176 Misc. 15.]