WILLIAM M. WALKER, Plaintiff, *v.* SAMUEL S. STEIN and Another, Individually and as Surviving Partners of the Firm of STEIN & BLAINE, Defendants.

First Department, December 2, 1927.

**Landlord and tenant — taxes — lease provided that tenant would pay all taxes assessed and that payment would be made within thirty days after taxes became due — assessment of taxes fixed liability.**

The defendants leased property from the plaintiff under a lease which provided that the defendants would pay all taxes assessed during the term of the lease and that they would pay such taxes within thirty days after they became due and payable. The lease expired September 30, 1919. On March 3, 1919, taxes were assessed against the property, one-half of which were, under section 914 of the Greater New York Charter, due and payable on May 1, 1919, and the other half on November 1, 1919. A proper construction of the lease

shows that it was the intention of the parties that the defendants should pay all taxes which were assessed during the term of the lease, notwithstanding a portion of the taxes so assessed might not be due and payable until after the expiration of the lease.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Raymond Ballantine* of counsel, for the plaintiff.

*Charles Eno* of counsel [*Joseph Kahn* with him on the brief], for the defendants.

McAVOY, J.   This matter is submitted to the court on an agreed statement of facts for a decision of a controversy between the parties.   In April, 1909, the plaintiff leased to the defendants premises known as Nos. 8 and 10 West Thirty-sixth street, Manhattan, for a term of four years and eleven months beginning November 1, 1909.   There was a privilege of renewal in this lease, and under such right the defendants renewed the lease for a period of five years from the 1st of October, 1914.   The defendants occupied the premises under that renewal until the 30th of September, 1919, when the lease expired.   A certain paragraph in the lease provides that the said parties of the second part, the tenants, " shall for and during the term of this agreement and during the period of any subsequent renewal of this agreement pay all the taxes which shall be assessed upon said demised premises by the State or Municipal authority, and such taxes shall be paid by said parties of the second part within thirty days after such taxes shall become due and payable and should the parties of the second part make default in any such payment, said party of the first part shall pay the same, and the amount so paid shall be added to and paid with the next installment of rent in each case falling due, after such charges shall have become due and payable."

During the term of renewal and on March 3, 1919, the municipal authorities of the city assessed upon the premises the annual taxes for the year 1919 amounting to $4,408.   In 1919 the Greater New York Charter (Laws of 1901, chap. 466, § 914, as amd. by Laws of 1916, chap. 17) provided that one-half of all taxes upon real estate shall be due and payable on the first day of May and the remaining and final one-half of taxes on real estate shall be due and payable on the first day of November and such taxes shall be and become liens on the real estate affected thereby and shall be construed as and deemed to be charges thereon on the respective days when they become due and payable and not earlier and they remain liens until paid.   It also provided that the second one-half of the tax due in

November may be paid on the first day of May or at any time thereafter prior to November first, provided the first half is paid before or at the same time and a discount is allowed for such prepayment. When this tax was assessed the plaintiff demanded that defendants pay the tax and they did pay the first half thereof which was due and payable on the 1st day of May, 1919, but they refused to pay the second half of the tax which became due and payable on the 1st day of November, 1919. After such refusal the plaintiff paid the second half of the tax amounting to $2,204, to the city of New York. The plaintiff has demanded repayment of this second half of the tax, but it has not been paid.

The question which is thus presented is whether or not under the terms of the lease, and the intention of the parties to be gathered therefrom, the tenants are to be deemed owing all taxes which are assessed on the demised premises, or whether the tenants are only liable for such taxes as became due and payable during the term. In other words, whether the assessment of the tax fixes the liability, if it is made during the term of the agreement, or whether the fact that the tax is payable while the term subsists fixes the liability.

We conclude on the agreed facts that the language of the agreement indicates that the tenants are liable to pay all the taxes which are assessed upon the premises and that the terms of the covenant reciting the time of such payment are not controlling upon liability. The context of the clause indicates that the terms " such taxes shall be paid   *   *   *   after such taxes shall become due and payable " are intended to prescribe the time when payment shall be made, but not to limit the liability to a time when such payment is required to be made to the city authorities. The words " Said parties of the second part shall for and during the term of this agreement and during the period of any subsequent renewal *   *   *   pay all the taxes, which shall be assessed upon said demised premises " indicate the nature of the obligation. Such a ruling already has been adopted in several cases in this court where similar covenants were construed. *Wall* v. *Hess* (194 App. Div. 456; affd., 232 N. Y. 472) is a precise authority. There is no real or substantial difference in the covenant in that case and that now presented. Time for payment was fixed within a certain number of days after the tax should become due and payable. The taxes to be paid by the tenant were those which should be assessed during the term. The lease in that case expired on April 30, 1917, at midnight. The tax for that year was assessed March 28, 1917. Both installments of the tax became due and payable after the lease expired, one on May 1, 1917, and the other on November 1,

1917. The tenant, however, was held to be liable for the payment of the whole 1917 tax.

Judgment, therefore, should be rendered for the plaintiff for one-half of the 1919 tax amounting to $2,204, with interest from October 10, 1919, the date when the tax was paid by plaintiff.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment directed for the plaintiff for one-half of the 1919 tax amounting to $2,204, with interest from October 10, 1919, the date when the tax was paid by plaintiff. Settle order on notice.