EDWARD F. COHEN, Plaintiff, *v.* JONATHAN LEVI CO., INC., Defendant.*

Supreme Court, Schenectady County, July 22, 1933.

*Strong & Golden*, for the plaintiff.

*Carleton H. Lewis*, for the defendant.

ROGERS, J. I feel constrained to follow the decision in *Wall* v. *Hess* (232 N. Y. 472). The tenant covenanted to pay, when due, all taxes and assessments, extraordinary as well as ordinary, which were assessed during the term of the lease. The extraordinary assessment in question became final and absolute during the term of the lease. Thus the assessment fixed the liability of the tenant. The tenant having the option to spread the payments over a period of ten years or pay in full at the time of the first payment did not alter his obligation to pay the full amount of the assessment. (*Walker* v. *Stein*, 222 App. Div. 22.)

If the covenant had not provided for extraordinary assessments, or if it had provided for the payment of taxes in the nature of carrying and maintenance charges, as in *Baker* v. *Schleyer* (233 App. Div. 584), a different question would be presented. Simply because the payment of installments on a permanent improvement assessment falling due after the expiration of the lease seems a hardship upon the tenant does not justify the court in altering the contract between the parties by reading into it something that would work out a

* Affd., 240 App. Div. 800. See, also, 150 Misc. 565

fairer result. The court must take the language in the lease as it finds it, and, if the intention of the parties thereby expressed is subject to only one interpretation, such interpretation must follow notwithstanding an unjust result.

The motion to dismiss the complaint is denied, with ten dollars costs.