EDWARD F. COHEN, Plaintiff, *v.* JONATHAN LEVI COMPANY, INC., Defendant.

Supreme Court, Schenectady County, February 20, 1934.

*Strong & Golden,* for the plaintiff.

*Carleton H. Lewis,* for the defendant.

LAWRENCE, J.  After service of the complaint, defendant moved for dismissal upon the ground that the complaint did not state a cause of action.  That motion was denied by Justice ROGERS.* On appeal, such denial was sustained and leave to appeal to the Court of Appeals was denied.  The answer was then interposed, and the present motion involves the question of whether the answer raises an issue of fact.

The action is founded on a lease by which the plaintiff demised certain premises on Erie boulevard in the city of Schenectady to the defendant for a term of five years and six months, expiring April 30, 1931, with option for an additional term of ten years.

The particular portion of the lease concerning which an issue is raised is as follows: " The Tenant covenants to pay, when due, all taxes, assessments, water rates, meter charges and other charges, extraordinary as well as ordinary, which shall, during the term of the lease be charged, assessed, imposed or grow due or payable upon or on account of said premises or any appurtenances, thereof, by virtue of or under any present or future law or requirement of any governmental authority."

The answer admits that during the term of the lease, and while defendant was in possession under it, certain assessments for street improvements became due against the premises in the total amount of $5,944.12.  The answer claims, however, that under the terms of the ordinance confirming the assessment and the law with reference thereto, only the first payment of ten per cent became due and payable prior to the expiration of the lease and was paid by the tenant on May 1, 1930; further claiming that this was the only payment it was obliged to make under the terms of the lease, because under the lease it agreed with plaintiff and intended to agree with plaintiff to pay only what should grow due during the term of the lease and that, under the circumstances, the ten per cent payments

* 151 Misc. 156; affd., 240 App. Div. 800.

after the expiration of the lease should not be borne by the tenant.

The ordinance confirming the special assessment is not before the court but it seems that the assessment was regularly made, assessed and imposed upon the property before the expiration of the lease.

The court's attention has not been called to any ambiguity in the language of the lease or to any conflicting provisions which might make it susceptible of different interpretations. The defendant insists that different inferences can be drawn regarding what the different parties intended.

It may be argued with force that the improvements made were in the nature of capital expenditures rather than maintenance charges. The answer to that would seem to be that the lease provided for payment of extraordinary as well as ordinary charges assessed or imposed during the term of the lease. This extraordinary assessment became due before the expiration of the lease and fixed the liability of the tenant. The contract would seem to be definite and certain, whatever the parties to it may say about the meaning they attach to it. The privilege to renew the lease and to pay any installments, or to pay any installments without renewal, would not seem to change or lessen the liability of the tenant; and while subsequent developments may have resulted in hardship on the tenant, that plea, as stated by Justice ROGERS, would not justify the court in altering the contract by reading into it something which might work out a fairer result.

Motion for judgment is granted, with ten dollars costs.