GAINSBOROUGH REAL ESTATE CORPORATION, Plaintiff, *v.* GEORGE KEMP REAL ESTATE COMPANY, Defendant.

Supreme Court, Trial Term, New York County, January 28, 1955.

*Morris Galitzer* for plaintiff.

*Maurice Iserman* for defendant.

VALENTE, J. The sole issue for determination in this action — and it has been so stipulated — is whether the plaintiff, holder of a lease of premises 720 Fifth Avenue, borough of Manhattan, under the terms thereof was obliged to pay the real estate taxes for the year 1951–1952 on the demised premises which became due and payable after the expiration of said lease.

It appears that on March 17, 1910, a net lease was entered into between the defendant, as owner and landlord, and members of the Duveen family, as tenants, for a term of twenty years and three months, commencing July 1st of that year. There was provision for three renewals thereof, each for the period of twenty-one years, at the election of the lessees, their legal representatives and assigns. The first of these options was exercised, the second was not, so that the lease terminated September 30, 1951.

The plaintiff became the assignee of the first renewal lease on May 27, 1938, and entered into an agreement of modification, the terms of which are not pertinent to the issue raised by this cause of action. When the premises were vacated by the plaintiff and surrender accepted by the defendant on September 30, 1951, the real estate taxes for the year 1951–1952 had been fixed in the sum of $34,335. The first half of these taxes became due and payable on October 1, 1951, and the second half on April 1, 1952.

At the time of surrender the defendant contended it was the plaintiff's obligation to pay the 1951–1952 taxes and withheld the return of the security held under the lease. The plaintiff, in order to obtain the release of that security, delivered to the defendant its check for $34,335, with the understanding that the proceeds should be applied to the payment of the taxes, and without prejudice to the rights of the parties as to any final agreement or adjudication with respect to the liability for the payment of said taxes. This suit was ultimately instituted and tried without a jury, and findings of fact and conclusions of law waived.

The plaintiff contends its liability under the lease is only for taxes that became due and payable during the term of the lease; that it was the intention of the parties that the tenant was not to be liable for any taxes that became due and payable after the term of the lease; and that the liability of tenant for taxes is to be determined without reference to the date of their assessment. To buttress this position, plaintiff relies on various provisions of the leases and modifications thereof, and the practices existing between the parties relating to the payment of the taxes and proof of payment thereof, which was offered in the testimony of Mr. Allen.

The defendant's contention is that the tenant became liable for payment of taxes as of the date of their assessment, and that since the taxes were assessed while the lease was in existence, the tenant was obligated for payment thereof, despite the fact

that they became due and payable after the expiration of the term. It is argued on its behalf that this was the intent of the parties, and that such intent is borne out by the provision of the initial lease, which relieved the tenant from payment of 1910 taxes.

The initial lease and the first renewal lease contain identical provisions concerning the payment of taxes, with the exception that the taxes for the year 1910 that were assessed and became due during the term of the lease were to be paid by the landlord.

Reference is hereby made to so much of articles second and tenth of the first renewal lease that is necessary to this opinion: " Second: * * * the Lessee shall and will during the term aforesaid, at its own proper costs and charges, bear, pay, and discharge all such duties, taxes, charges for Croton water, assessments, and payments extraordinary as well as ordinary, as shall during the term hereby demised be laid, levied, assessed, or imposed upon, or grow due or payable * * * ".

It is further provided in said article: " * * * and in default of payment of such taxes, assessments, or other charges by it for ninety days after the same shall become payable, the Lessor may thereupon pay the same, and the amount so paid, with interest thereon, shall or may be added as contingent rent to the fixed rent becoming due on the next quarter day, or on any subsequent quarter day."

Article tenth thereof provides: " * * * that it is the intention of these presents that * * * the Lessee shall and will pay all taxes, charges, expenses, and damages which, except for the execution and delivery of these presents, would have been chargeable against and payable by the Lessor."

The final assessment rolls for the year 1951–1952, with the proper warrants, were delivered by the president of the city council to the treasurer on or before June 30, 1951, as provided by section 171 of the New York City Charter. The first half of these taxes became due and payable and a lien on October 1, 1951, and the second half on April 1, 1952 (New York City Charter [1938], § 172).

With this factual background, attention is focused on the question whether, in this instance, it is the date the taxes were assessed that fixed the liability of the tenant therefor, or whether the date the taxes become due and payable was determinative.

Examination of the covenants and provisions of the various written instruments relied upon by the plaintiff reveals no ambiguities or inconsistencies, and I so find. Neither does the testimony of Mr. Allen, offered by the plaintiff, show any; nor

does it in any way affect the terms of the written agreements or have anything to do with deciding when responsibility arises for payment of taxes under the lease. At most this testimony merely fixes the method employed by the parties to establish proof of payment of the taxes.

In essence, the issue presented here for determination necessitates a construction of article second of the first renewal lease. After a careful reading and examination of this article there can be but one interpretation, viz., that the tenant covenanted not only to pay taxes as they become due and payable but also to pay any taxes that may during the demised term " be laid, levied, assessed, or imposed ".

This language has been construed to mean that the liability to pay is imposed as of the time the tax is laid or levied, and if that occurs during the term of the lease, it matters not that the tax may not become a lien or due and payable until after the termination of the lease. (*Ogden* v. *Getty,* 100 App. Div. 430; *Wall* v. *Hess,* 232 N. Y. 472; *Apex Leasing Co.* v. *White Enamel Refrigerator Co.,* 202 App. Div. 354; *Walker* v. *Stein,* 222 App. Div. 22.)

In *Wall* v. *Hess* (*supra*) where the court construed a lease that required the tenant to " pay and discharge *when due and payable or within 60 days thereafter,* all and *every tax and taxes * * * which shall be assessed, levied or imposed * * * during the said term* " (*supra,* pp. 473–474), the court held (p. 476): " The obligation of this defendant was to pay all taxes that might be *assessed, levied or imposed* against the premises during the term. No escape is possible from the conclusion that the taxes for the year 1917 were finally and unalterably fixed and imposed against the demised premises during the term of the lease, although not payable until after the expiration of such term."

In *Walker* v. *Stein* (222 App. Div. 22, *supra*), where the lease provided that the tenant " shall for and during the term of this agreement and during the period of any subsequent renewal of this agreement pay all the taxes which shall be assessed upon said demised premises " (p. 23), the court held (p. 24): " We conclude on the agreed facts that the language of the agreement indicates that the tenants are liable to pay all the taxes which are assessed upon the premises and that the terms of the covenant reciting the time of such payment are not controlling upon liability. The context of the clause indicates that the terms ' such taxes shall be paid * * * after such taxes shall become due and payable ' are intended to prescribe the time when payment

shall be made, but not to limit the liability to a time when such payment is required to be made to the city authorities. The words ' Said parties of the second part shall for and during the term of this agreement and during the period of any subsequent renewals * * * pay all the taxes, which shall be assessed upon said demised premises ' indicate the nature of the obligation.''

Tested by these authorities it must be concluded in this instance that the obligation of the tenant to pay these taxes became absolute as of the date when they were levied. Therefore, when the tax rolls for the year 1951–1952, with the proper warrants, were delivered to the city treasurer on June 30, 1951, on that date '' there was a tax finally and unalterably fixed and *imposed* upon the demised premises '', the liability for which the tenant cannot escape. (*Ogden* v. *Getty,* 100 App. Div. 430, 433, *supra.*)

Parenthetically, in the covenant in question in the *Getty* case was a requirement on the part of the tenant at his own cost to '' bear, pay and discharge all such taxes as should, during the said term be laid, levied, assessed or imposed on or grow due and payable out of or for or by reason of the demised premises '' (*Ogden* v. *Getty,* 100 App. Div. 430, 431, *supra*), which is almost the identical language in the case at bar. In that case the taxes, while levied and assessed prior to the expiration of the term of the lease, did not become due and payable until after its expiration.

Since the lease in question did not terminate until September 30, 1951, the levying of this tax occurred during the term of the lease and the plaintiff became liable for the payment thereof. The fact that the taxes did not become due and payable until after the term of the lease does not relieve plaintiff of responsibility. Neither does that fact nor the covenant on the part of lessee to pay the taxes when they grow due or payable limit or qualify in any way the effect of the '' levied, assessed, or imposed '' provision of the lease. The authorities relied upon by the plaintiff are clearly distinguishable and not in point.

Accordingly, the court must find for the defendant, dismissing the complaint of the plaintiff on the merits.

The objections of the defendant to the admissibility of the testimony of Mr. Allen are overruled and an exception is noted on behalf of the defendant.