Arthur. Wachtel, J.
Plaintiff lessor sues defendant lessee for defendant’s share of city taxes for the year 195A-1955 pursuant to a lease which provides as follows: “the lessee covenants and agrees to and with the lessor to pay or cause to be paid to the lessor all charges for water rates or rents and all taxes, duties and assessments, which may during the said term hereby granted, be charged, assessed or imposed”.
Plaintiff relies on the law as set forth in Wall v. Hess (232 N. Y. 472 [1922]) and Gainsborough Real Estate Corp. v. Kemp Real Estate Co. (207 Misc. 156 [1955]) which hold that where the tenant covenants to pay any taxes that may during the demised term “be charged, assessed or imposed” the liability to pay is imposed as of the time the tax is laid or levied, and if that occurs during the term of the lease, it matters not that the tax may not become a lien or due and payable until after the termination of the lease.
Defendant moves to dismiss the complaint pursuant to rule 107 of the Buies of Civil Practice upon the ground of res judicata. It contends that in a prior action brought by the plaintiff against defendant for rent for the months of July and August, 1954, judgment was entered for the defendant upon the ground that there had been an effective surrender and acceptance as of June 30,1954. Defendant contends that it had proved at the previous *1084 trial that it duly elected to cancel the lease as of said date, by notice in writing, pursuant to the lease. Defendant further contends that the rule of Wall v. Hess (supra) and Gainsborough Real Estate Corp. v. Kemp Real Estate Co. (supra) is not applicable in that in the case at bar, the provisions of the lease indicate that the parties intended that liability for taxes was to terminate with the end of the term; and that such intent is disclosed by the language of paragraph 21st of the lease. Said clause of the lease provides that, if the tenant exercises its option to cancel the lease upon any renewal date, “ this lease and the term therof and all the covenants and conditions herein shall terminate and expire upon such renewal date with the same force and effect as if that were the end of the term of this agreement. ’ ’
The attorney for defendant states in his memorandum that “ the question in this case is not whether the parties did in fact intend to terminate liability for taxes with the end of the term, for the terms of the lease are so clear upon this point, that of necessity the real question must be whether the term did end on June 30, 1954, thus bringing the terms of Paragraph 21 of the sublease into operation.” With this reasoning, the court does not agree, for it patently begs the question. If liability for taxes became fixed prior to June 30, 1954, then an adjudication that the term ended on that date is neither inconsistent therewith nor relevant thereto. An adjudication as to liability for rent for July and August, 1954 is not res judicata as to liability for taxes imposed prior to June 30, 1954 (Klein v. Federbush, 2 Misc 2d 791 and cases there cited). The question remains whether as a matter of the construction of the lease, liability for taxes so imposed terminated upon the expiration of the term in the event of cancellation of the lease pursuant to the provisions of paragraph 21. That it may terminate all future liability, subsequent to June 30 is clear. But it is not specifically retroactive, nor does it unequivocally terminate all liability prior thereto.
Paragraph 21 and paragraph 15 of the lease must be read together, and whether they are consistent or inconsistent can only be determined upon proof of the intent of the parties upon trial, and accordingly the motion to dismiss the complaint must be denied (Piedmont Hotel Co. v. Nettleton Co., 263 N. Y. 25; Italian Benevolent Inst. v. Elaine Co., 240 App. Div. 396 [1st Dept.]).
Motion denied.